FILED
SEP 2 0 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

DOCKETED
SEP 21 2004

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04C50323 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | |
| SYNGENTA SEEDS, INC. and SYNGENTA BIOTECHNOLOGY, INC., | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| | ) | ORAL ARGUMENT REQUESTED |
| Defendants. | ) | |
| | ) | |

05 - 355

## MEMORANDUM IN SUPPORT OF SYNGENTA'S
## MOTION TO DISMISS THIS CASE

Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. (collectively "Syngenta"), by and through their attorneys, David C. Van Dyke and Ronald D. Fiet, submit this memorandum in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this patent infringement action filed by Plaintiff DeKalb Genetics Corporation ("DeKalb").

### I.   INTRODUCTION

This case concerns Syngenta's legitimate efforts to enter into competition with DeKalb (and its parent Monsanto) by, beginning in 2005, selling corn that has been genetically modified to impart resistance to a particular class of herbicides known as glyphosate. In an attempt to thwart this future competition, DeKalb has alleged in the instant litigation that Syngenta has infringed DeKalb's U.S. Patents 5,538,880 ("the '880 patent") and 6,013,863 ("the '863 patent"). However, both the '880 and '863 patents contain claims directed solely to *processes* for producing glyphosate-resistant corn or seed. Syngenta has not and will not use such processes, and DeKalb does *not* allege otherwise. Indeed, DeKalb cannot make such an allegation and still comply with the obligations of Rule 11 of the Federal Rules of Civil Procedure. Instead, DeKalb

11

repeatedly alleges in its Complaint that Syngenta's corn *products* infringe the claims. However, as every claim in both patents is directed to a *process*, each cause of action pled in the Complaint is deficient and warrants dismissal under Rule 12(b)(6).

DeKalb's Complaint purports to raise three causes of action: (1) direct infringement under 35 U.S.C. § 271(a); (2) induced infringement under 35 U.S.C. § 271(b); and (3) contributory infringement under 35 U.S.C. § 271(c). *See* Complaint, ¶¶ 8-19. DeKalb, however, has failed to plead the necessary elements to establish any of these causes of action. First, DeKalb's action under section 271(a) should be dismissed as DeKalb fails to even allege that Syngenta has or will practice the claimed process. Second, DeKalb's action under section 271(b) fails to state a viable claim for relief because DeKalb fails to plead the necessary elements to establish induced infringement (knowledge and specific intent by Syngenta to induce another party's infringement, and direct infringement by another party). Third, DeKalb's action under section 271(c) is similarly deficient, resting solely on the bald allegation that Syngenta infringed the patents in suit by "contributing to the infringement by others." DeKalb fails to allege any of the necessary elements of contributory infringement (e.g., that Syngenta offered to sell, sold, or imported into the U.S. a material or apparatus for use in practicing the patented process, constituting a material part of the invention, knowing the same to be especially made or adapted for use in an infringement of the patents, and not a staple article or commodity of commerce suitable for substantial noninfringing use). Accordingly, as further explained below, this Court should dismiss DeKalb's unsupported infringement allegations under sections 271(a)-(c) for failure to state a claim upon which relief may be granted.

2

## II.    FACTUAL BACKGROUND

DeKalb's Complaint, filed on July 27, 2004, asserts that Syngenta infringed the '880 and '863 patents "by at least making and using" a particular product: "corn containing genes that confer resistance to the herbicide glyphosate." Complaint, ¶¶ 12, 17. DeKalb three times refers to "the Syngenta *products* that are the subject of this action." *Id.*, ¶¶ 10, 11, 16 (emphasis added). DeKalb never refers to any process that is the subject of this action. Finally, in its prayer for relief, DeKalb asks the Court to find that any making, using, selling, or offering for sale by Syngenta of "glyphosate resistant corn *products that are within the scope of claims 1-9 of the '880 Patent and the claims of the '863 Patent*" would constitute infringement. *Id.*, Prayer for Relief, ¶ C (emphasis added). DeKalb's infringement allegations therefore assert that the "patented invention" under section 271(a) is a product: "corn containing genes that confer resistance to the herbicide glyphosate." *See id.*, ¶¶ 10, 11, 12, 16, 17 and Prayer for Relief, ¶ C.

The '880 and '863 patents attached as exhibits to the Complaint, however, demonstrate that all the claims of these patents are exclusively directed to a *process* for producing glyphosate-resistant transgenic corn or seed by using a particle bombardment technique. Claim 1 of the '880 patent, for example, defines the patented invention as follows:

> 1.    *A process for producing* a fertile transgenic *Zea mays* plant comprising the steps of (i) bombarding intact regenerable *Zea mays* cells with DNA-coated microprojectiles, (ii) identifying or selecting a population of transformed cells, and (iii) regenerating a fertile transgenic plant therefrom, wherein said DNA is transmitted through a complete sexual cycle of said transgenic plant to its progeny, and imparts herbicide resistance thereto.

Ex. 1 to the Complaint ('880 patent), claim 1 at col. 22 (emphasis added).

Similarly, claim 1 of the '863 patent defines the invention as follows:

> 1.    *A process for producing* a fertile transgenic *Zea mays* plant comprising the steps of (i) bombarding intact

3

> regenerable *Zea mays* cells with DNA-coated microprojectiles, wherein said DNA comprises at least a screenable marker gene; (ii) selecting a population of transformed cells expressing the selectable marker gene; and (iii) regenerating a fertile transgenic plant therefrom, wherein said DNA is expressed so as to impart glyphosate resistance to said transgenic plant and is transmitted through a normal sexual cycle of said transgenic plant to progeny plants.

Ex. 2 to the Complaint ('863 patent), claim 1 at cols. 29-30 (emphasis added). The remaining asserted claims (claims 2-9 of the '880 patent and claims 2-8 of the '863 patent) are narrower process claims that include all of the limitations of claim 1 of each respective patent together with additional process steps. *See* Ex. 1 to the Complaint, claims 2-9 at cols. 22-23; Ex. 2 to the Complaint, claims 2-8 at col. 30. There is not even a single claim in either patent that is directed to a product. *See id.* at cols. 22-24; Ex. 2 to Complaint at cols. 29-30.

Concerning inducement, DeKalb alleges that, "Defendants have infringed one or more of claims 1-9 of the '880 Patent by at least inducing others . . . ." *Id.*, ¶ 13. DeKalb makes the same vague allegation with respect to the '863 patent: "Defendants have infringed one or more of the claims of the '863 Patent by at least inducing others . . . ." *Id.*, ¶ 18. No facts are provided in support of DeKalb's inducement claims. *See id.*, ¶¶ 8-19. Similarly, regarding contributory infringement, DeKalb merely alleges that, "Defendants have infringed one or more of claims 1-9 of the '880 Patent by at least . . . contributing to the infringement by others." *Id.*, ¶ 13. With respect to the '863 patent, DeKalb alleges that, "Defendants have infringed one or more of the claims of the '863 Patent by at least . . . contributing to the infringement by others." *Id.*, ¶ 18.

### III. ARGUMENT

#### A. Legal Standards for Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

4

Consistent with notice-pleading requirements, a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In analyzing the complaint, the Court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Whitfield v. IDOC,* Civ. No. 02C50387, 2004 WL 1803350, at *1 (N.D. Ill. 2004).

The Court of Appeals for the Federal Circuit, which has exclusive appellate jurisdiction in patent cases, applies regional circuit law in analyzing district court decisions granting motions to dismiss under Rule 12(b)(6). *See Phonometrics, Inc. v. Hospitality Franchise Sys.,* 203 F.3d 790, 793 (Fed. Cir. 2000); *Smithkline Beecham Corp. v. Pentech Pharmaceuticals, Inc.,* Civ. No. 00C2855, 2001 WL 184804, at *3 (N.D. Ill. 2001) ("Whether Smithkline's proposed complaint states a claim for inducement of infringement is determined by the law of the regional circuit, the Seventh Circuit."). Thus, Seventh Circuit law applies to the present motion.

Syngenta recognizes that the pleading rules are intended to be interpreted liberally. However, a patent owner who is unable to assert that the actions of the accused party meet the legal elements of infringement cannot simply argue that notice pleading is liberal, because "the modern requirement of mere notice pleading does not affect the requirement that the plaintiff allege every essential element to show the violations of law claimed." *Ristvedt-Johnson, Inc. v. Peltz,* Civ. No. 91C3273, 1991 WL 255691, at *3 (N.D. Ill. 1991). Rather, "it is when 'a bona fide complaint is filed that charges *every element necessary to recover*' that summary dismissal for failure to state a claim cannot usually be justified." *Id.* (emphasis in original) (quoting *United States v. Employing Plasterers Ass'n of Chicago,* 347 U.S. 186, 189 (1954)).

The consideration of a Rule 12(b)(6) motion "is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Illinois Dept. of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Importantly, the Seventh Circuit follows the "well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998); *see also Thompson*, 300 F.3d at 754; *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment."). Thus, in this case, the Court may consider the '880 and '863 patents, which were attached as Exhibits 1 and 2 to the Complaint, in ruling on the present motion to dismiss.

### B. The Complaint Fails to State a Claim of Direct Infringement Under 35 U.S.C. § 271(a)

#### 1. DeKalb Has Not Alleged that Syngenta Ever Carried Out the Patented Process for Producing Glyphosate-Resistant Transgenic Corn or Seed

DeKalb's allegations of direct infringement under section 271(a) are, on their face, fatally flawed. Section 271(a) imposes liability on whoever "makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). DeKalb's Complaint repeatedly defines the "patented invention" as "corn containing genes that confer resistance to the herbicide glyphosate," and it alleges that Syngenta infringed the patents in suit by "making and using" such corn. Complaint, ¶¶ 12, 17. But here, the corn itself cannot provide the basis for an action under section 271(a). As discussed above, the '880 and '863 patents do not claim a corn product. Rather, they claim a process for producing glyphosate-resistant corn or seed, and only by practicing a process covered

6

by the patent claims can Syngenta be accused of infringement.[1] *See* Ex. 1 to Complaint at cols. 22-24; Ex. 2 to Complaint at cols. 29-30. Nowhere in the Complaint does DeKalb allege that Syngenta ever carried out that process.[2] Complaint, ¶¶ 8-19.

Further, because the exhibits to the Complaint—the asserted patents themselves—contradict DeKalb's allegations in the Complaint that the patents cover a corn product, the patents "trump" DeKalb's incorrect allegations. *See Northern Indiana Gun*, 163 F.3d at 454; *see also Thompson*, 300 F.3d at 754; *In re Wade*, 969 F.2d at 249. Accordingly, because DeKalb has not alleged that Syngenta ever used the patented process, the Court should dismiss DeKalb's claims of direct infringement pursuant to Rule 12(b)(6). *See, e.g., Ristvedt-Johnson*, 1991 WL 255691, at *3 (even under notice pleading, the plaintiff is required to allege every essential element of its claim); *Phonometrics*, 203 F.3d at 794 (allegation of "the means by which the defendants allegedly infringe" is required to state a claim of infringement).[3]

---

[1] *See, e.g., Canton Bio-Medical, Inc. v. Integrated Liner Technologies, Inc.*, 216 F.3d 1367, 1370 (Fed. Cir. 2000) (holding that "each of the claimed steps of a patented process must be performed in an infringing process").

[2] Because DeKalb's "patented invention" is a process, DeKalb had to allege that Syngenta *used* that process. *See* 35 U.S.C. § 271(a) ("whoever . . . uses . . . any patented invention . . . infringes the patent"). DeKalb has not and cannot make such an allegation. Instead, DeKalb alleges only that Syngenta infringed by "making and using corn," which cannot reasonably be interpreted to mean "using the claimed process to make corn."

[3] This case is distinguishable from *One World Technologies, Ltd. v. Robert Bosch Tool Corp.*, Civ. No. 04C0833, 2004 WL 1576696 (N.D. Ill. 2004), and *Jackson v. Illinois Bell Telephone Co.*, Civ. No. 01C8001, 2002 WL 1466796 (N.D. Ill. 2002), patent cases in which this Court denied Rule 12(b)(6) motions. The plaintiffs in those cases held product patents and alleged that the defendants' products infringed those product patents. *One World Technologies*, 2004 WL 1576696 at **1-2; *Jackson*, 2002 WL 1466796 at **1-3. Neither case involved a plaintiff's mischaracterization of its process patent as covering a product. *See id.* In addition, the defendants attempted to rely on affidavits and other extraneous information to support their Rule 12(b)(6) motions, which was improper. *One World Technologies*, 2004 WL 1576696 at *1; *Jackson*, 2002 WL 1466796 at *2.

7

### 2. DeKalb Has Not Alleged that Syngenta Ever Carried Out the Patented Process in the United States

A claim of infringement under section 271(a) also requires an allegation of infringing activity "within the United States." *See* 35 U.S.C. § 271(a); *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 527 (1972) ("The statute makes it clear that it is not an infringement to make or use a patented product outside of the United States."); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) (only activities within the United States and its territories can be used to establish infringement under section 271(a)). DeKalb, however, is silent as to *where* the alleged activities complained of occurred and does not allege that Syngenta committed any act of infringement in the United States. *See* Complaint ¶¶ 8-19.

### 3. DeKalb Has Not Alleged That Syngenta Ever Carried Out the Patented Process During the Terms of the '880 and '863 Patents

Finally, an allegation of infringement requires an assertion of infringing activity "during the term of the patent." *See* 35 U.S.C. § 271(a); *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1366 (Fed. Cir. 1998). DeKalb, however, is also silent as to *when* the alleged activities complained of occurred and does not allege that Syngenta committed any act of infringement during the terms of the '880 and '863 patents. *See* Complaint ¶¶ 8-19.

Accordingly, because DeKalb has failed to allege that Syngenta ever carried out the claimed process for producing glyphosate-resistant transgenic corn or seed—much less that Syngenta did so in the United States during the terms of the patents in suit—the Court should dismiss DeKalb's baseless allegations of direct infringement of the '880 and '863 patents under section 271(a).[4]

---

[4] DeKalb will be unable to amend its Complaint to allege such direct infringement. Further, DeKalb's inability to include any substantive infringement allegations in its Complaint shows that it filed this action with no grounds to believe that Syngenta had ever used the patented process. DeKalb, for example, brought suit without first asking Syngenta whether it

8

C.  **The Complaint Fails to State a Claim of Inducement Under 35 U.S.C. § 271(b)**

The patent statute provides that, "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability for inducement requires a showing that the alleged inducer knowingly and with specific intent encouraged another party's direct infringement. *Manville Sales Corp. v. Paramount Sys.*, 917 F.2d 544, 553 (Fed. Cir. 1990); *see also Minnesota Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) ("In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.") (internal citation omitted).

As explained below, the Court should dismiss DeKalb's inducement claims because DeKalb has failed to allege the required elements of inducement or provide any factual allegations whatsoever in support of these claims.

1.  **DeKalb Has Not Alleged That Syngenta Knowingly and with Specific Intent Encouraged Another's Infringement**

As the claims of the '880 and '863 patents are directed to processes, it is not apparent how any of the allegations of the Complaint—even if true—could establish inducement of those processes. Moreover, nowhere in its Complaint does DeKalb allege that Syngenta acted with knowledge and specific intent to induce another party to directly infringe the '880 or '863 patents. *See* Complaint, ¶¶ 8-19. Rather, as noted above, DeKalb asserts only that Syngenta infringed the '880 and '863 patents "by at least inducing others." *Id.*, ¶¶ 13, 18. DeKalb sets

---

had used the patented process. *See Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1363-66 (Fed. Cir. 2000) (denying Rule 11 sanctions where, prior to filing suit, the plaintiff had requested the alleged infringer to provide details concerning its allegedly infringing process). This Court should not permit DeKalb's baseless lawsuit to proceed under these circumstances. *See id.*; *see also Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996)

forth no facts that, if true, would establish Syngenta's knowledge and specific intent to induce infringement by others. *Id.* Accordingly, because DeKalb has failed to allege either knowledge or specific intent, the Complaint on its face fails to state a viable claim of inducement. *See Ristvedt-Johnson*, 1991 WL 255691, at **4-5 (granting motion to dismiss inducement claim because plaintiffs had failed to allege each element of inducement, including "the requisite intent"); *Waters v. Solarex Corp.*, Civ. No. 91C6120, 1992 WL 4454, at *4 (N.D. Ill. 1992) (granting motion to dismiss inducement claim); *Coolsavings.com, Inc. v. Catalina Marketing Corp.*, Civ. No. 98C6668, 1999 WL 342431, at *2 (N.D. Ill. 1999) (granting motion to dismiss inducement claim because the complaint did "not allege the requisite intent") (citing *Ristvedt-Johnson*, 1991 WL 255691, at *4).[5]

### 2. DeKalb Has Not Identified Any Other Direct Infringers

As noted above, liability for inducement also requires a showing of direct infringement by another party. *Manville Sales*, 917 F.2d at 553; *Minnesota Mining*, 303 F.3d at 1304-05. Again, DeKalb alleges only that Syngenta has infringed the patents in suit by "inducing others." Complaint, ¶¶ 13, 18. However, even if the Court were to interpret this vague allegation to mean "inducing the direct infringement of the '880 and '863 patents by others," DeKalb has failed to provide any identification of the individuals or class of "others" who allegedly directly infringed the '880 and '863 patents. In addition, DeKalb alleges no facts whatsoever that, if true, would establish that any of these unnamed "others" directly infringed the '880 or '863 patents. DeKalb,

---

(dismissing infringement claims pursuant to Rule 12(b)(6), noting that "the purpose and design of Rule 11 compels the conclusion that Rule 8(a)(2) requires more than empty boilerplate").

[5]   In *Coolsavings.com*, this Court dismissed the inducement claim but denied the motion to dismiss with respect to the direct infringement claim. The asserted patent covered a method, and the complaint alleged that the defendant had made and used "a system for offering and providing targeted electronic coupons . . . ." *Coolsavings.com*, 1999 WL 342431, at *1. The Court declined to decide, at the pleadings stage, whether a "system" was a method. *Id.* at *2. In

for example, does not allege that any of these unnamed "others" ever carried out the claimed process for producing transgenic corn or seed by particle bombardment or that they did so in the United States during the terms of the patents in suit. DeKalb's meaningless "inducing others" allegation provides no notice to Syngenta of the nature of DeKalb's inducement claims. *See Hercules Inc. v. Minnesota State Highway Dept.*, 203 F.3d 790, 802 (D. Minn. 1972) (striking the words "and others" from plaintiff's inducement allegations, noting that "[t]he most elemental requirements of notice pleading are not met by the use of these words").

Even under liberal notice pleading standards, DeKalb's bald assertion that Syngenta infringed the patents in suit by "inducing others"—without alleging the legal elements of inducement or providing any facts at all to support the claims—cannot possibly state legitimate claims for inducement of the '880 or '863 patents under section 271(b). Accordingly, the Court should dismiss DeKalb's allegations of inducement. *Ristvedt-Johnson*, 1991 WL 255691, at **1-5; *Waters*, 1992 WL 4454, at *4; *see also Shearing v. Optical Radiation Corp.*, 30 U.S.P.Q.2d (BNA) 1878 (D. Nev. 1994) (granting motion to dismiss inducement claim because plaintiff had not alleged direct infringement by another party or the requisite knowledge and specific intent).

### D. The Complaint Fails to State a Claim of Contributory Infringement Under 35 U.S.C. § 271(c)

The patent statute defines contributory infringement of a patented process as follows:

> [1] Whoever offers to sell or sells within the United States or imports into the United States ... a material or apparatus for use in practicing a patented process, [2] constituting a material part of the invention, [3] knowing the same to be especially made or especially adapted for use in an infringement of such patent, and [4] not a staple article or commodity of commerce suitable for

---

contrast, there is no allegation here that Syngenta ever used the patented process, through a "system" or otherwise.

11

substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c); *see also Lummus Indus., Inc. v. D.M.&E. Corp.*, 862 F.2d 267, 272 (Fed. Cir. 1988).

The Court should dismiss DeKalb's contributory infringement allegations because, as with its inducement claims, DeKalb has not alleged any of the elements of contributory infringement or provided any factual allegations to support these claims.

### 1. "Whoever Offers to Sell or Sells Within the United States or Imports Into the United States a Material or Apparatus for Use in Practicing a Patented Process"

DeKalb's Complaint includes no allegation that Syngenta offered to sell or sold in the United States, or imported into the United States, any material or apparatus for use in practicing the process of the '880 or '863 patents, as required for a claim of contributory infringement. 35 U.S.C. § 271(c); Complaint, ¶¶ 13, 18. Rather, DeKalb alleges only that Syngenta has infringed by "contributing to the infringement by others." Complaint, ¶¶ 13, 18.

### 2. "Constituting a Material Part of the Invention"

DeKalb also does not allege that Syngenta offered to sell, sold, or imported any material or apparatus for use in practicing the process of the '880 or '863 patents, constituting a material part of the claimed process. 35 U.S.C. § 271(c); Complaint, ¶¶ 13, 18.

### 3. "Knowing the Same to Be Especially Made or Especially Adapted for Use in an Infringement of Such Patent"

In addition, DeKalb does not allege that Syngenta knew that any material or apparatus Syngenta makes and uses (which DeKalb does not identify) was "especially made or especially adapted for use in" an infringement of the '880 or '863 patents. 35 U.S.C. § 271(c); Complaint, ¶¶ 13, 18.

### 4. "Not a Staple Article or Commodity of Commerce Suitable for Substantial Noninfringing Use"

Finally, DeKalb does not allege that any such material or apparatus (which DeKalb does not identify) was "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c); Complaint, ¶¶ 13, 18.

Each of the above deficiencies *separately* justifies dismissal of DeKalb's contributory infringement claims. *See, e.g., MacNeill Engineering Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201-02 (D. Mass. 1999) (rejecting proposed amended contributory infringement allegations that failed to set forth each material element of contributory infringement); *Catapano v. Wyeth Ayerst Pharmaceuticals, Inc.*, 88 F. Supp. 2d 27, 30-31 (E.D.N.Y. 2000) (granting motion to dismiss contributory infringement claim for failure to allege the statutory elements); *Shearing*, 30 U.S.P.Q.2d (BNA) at 1878 (dismissing contributory infringement claim that failed to allege, *inter alia*, that the item sold was not suitable for substantial noninfringing use).

### 5. DeKalb Has Not Identified Any Other Direct Infringers

As with inducement, "there can be no claim for contributory infringement without direct infringement by another person." *Catapano*, 88 F. Supp. 2d at 30 (citing *Serrano v. Telular Corp.*, 111 F.3d 1578, 1583 (Fed. Cir. 1997)). Here, DeKalb alleges only that Syngenta infringed the patents in suit by "contributing to the infringement by others," without identifying the "others" who allegedly have infringed the '880 and '863 patents. Complaint, ¶¶ 13, 18. DeKalb fails to allege that these unnamed "others" have carried out the claimed particle bombardment process for producing transgenic corn or seed or that they did so in the United States during the terms of the patents in suit. *Id.* For this additional reason, DeKalb's claims of contributory infringement fail to state a legitimate claim for relief and should be dismissed. *See,*

13

*e.g., Hercules*, 203 F.3d at 802 (use of the words "and others" in infringement allegation fails to meet notice pleading requirements).

## CONCLUSION

For all the reasons given above, DeKalb's claims of infringement of the '880 and '863 patents under 35 U.S.C. §§ 271(a)-(c) are legally deficient as a matter of law, fail to provide Syngenta with fair notice of DeKalb's allegations as required by Rule 8(a)(2), and should be dismissed pursuant to Rule 12(b)(6).

## REQUEST FOR ORAL ARGUMENT

Syngenta respectfully requests oral argument on this motion.

Dated: September 20, 2004

Respectfully submitted,

CASSIDAY, SCHADE & GLOOR, LLP



David C. Van Dyke
Ronald D. Fiet
CASSIDAY, SCHADE & GLOOR, LLP
20 N. Wacker Dr.
Suite 1040
Chicago, Illinois 60606
(312) 641-3100
Attorney No. 6204705

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000