IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04C50323 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | |
| SYNGENTA SEEDS, INC. and | ) | Magistrate Judge P. Michael Mahoney |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) | |

OCT 28 2004

05-355

## SYNGENTA'S REPLY BRIEF IN
## SUPPORT OF ITS MOTION TO DISMISS

**I.    INTRODUCTION**

In its opening brief, Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. (collectively "Syngenta") established that the Complaint of Plaintiff DeKalb Genetics Corporation ("DeKalb") fails to allege the necessary elements to establish a cause of action for direct infringement, inducement, and contributory infringement of the '880 and '863 patents, both of which contain only *process* claims. In particular, DeKalb's Complaint fails to allege that Syngenta actually practiced or practices the processes claimed in the '880 and '863 patents in suit during the term of the patents, and it also fails to allege the required elements of either inducement to infringe or contributory infringement.

In its opposition, DeKalb *agrees* that all the claims of both the '880 and '863 patents recite processes. DeKalb Genetics Corporation's Opposition to Defendants' Motion to Dismiss This Case ("DeKalb Opp.") at 4. Nevertheless, DeKalb offers *no explanation* of why it failed to allege that Syngenta practices the claimed processes.

21

The closest DeKalb comes to justifying its Complaint is by arguing that it alleges that Syngenta is infringing "through ***making and using*** corn without a license to the patent claims." DeKalb Opp. at 5 (citing Complaint at ¶¶ 7,12-13, 17-18) (emphasis in original). However, the allegation that someone is "making and using" a *product* (here, corn) is the standard way in which one alleges the infringement of a *product* claim under 35 U.S.C. §271(a). By its express terms, the Patent Act is directed to the "patented invention,"[1] so where the patented invention is a process rather than a product, the patentee must allege that the defendant has used the *process*. DeKalb has not alleged that here.

Indeed, in attempting to justify its Complaint, DeKalb relies on strained technical arguments that, under Seventh Circuit law, it does not have to allege that Syngenta actually uses the specific process. But DeKalb is wrong. As set forth below, controlling precedent makes clear that DeKalb must provide Syngenta with at least *some* notice as to how it allegedly infringed the patents at issue.

Moreover, DeKalb can make no principled argument whatsoever in attempting to support the Complaint's allegations of inducement and contributory infringement, which could not possibly be more conclusory. In both cases, DeKalb failed to allege the elements required to establish liability, and it has provided no rationale for its continued assertion of those allegations in their current form.

In short, under Seventh Circuit law, DeKalb's Complaint is deficient as a matter of law and should be dismissed.

---

[1] *See* 35 U.S.C. §271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells *any patented invention*, within the United States any patented invention during the term of the patent therefore, infringes the patent.") (emphasis added).

2

## II. ARGUMENT

### A. DeKalb Has Not Overcome the Failure of its Complaint to State Viable Allegations of Direct Infringement

#### 1. The Complaint Does Not Allege That Syngenta Practices the Claimed Processes

For all DeKalb's protestations, it is undisputed that its Complaint never alleges that Syngenta actually uses (or ever used) the processes claimed by the '880 and '863 patents. The closest DeKalb comes to making such an allegation is where it alleges that Syngenta is infringing by "at least making and using corn containing genes that confer resistance to the herbicide glyphosate." Complaint at ¶12. "Corn," however is not the patented invention. Rather, both the '880 patent and the '863 patent are directed solely at *processes* used to make corn.

And the Patent Act is clear. It is an infringing act to make, use, offer to sell, or sell "any patented invention." Accordingly, to allege infringement here, DeKalb was required *by the statute itself* to allege that Syngenta used the patented process. Because it did not do so, DeKalb's Complaint is deficient as a matter of law and must be dismissed.

Further, while DeKalb argues that Syngenta is attempting to impose a "higher burden" on patentees asserting process claims than on patentees asserting product claims (DeKalb Opp. at 9), that is incorrect. Syngenta's position treats the two situations precisely the same. That is, the Patent Act requires an allegation directed at the "patented invention." Here, however, the patented invention is a process, so DeKalb's allegation that Syngenta made and used "corn" (which is undeniably a product) fails to allege an infringing act. *See* Memorandum in Support of Syngenta's Motion to Dismiss This Case ("Syngenta Mem.") at 6-7.[2]

---

[2] DeKalb also accuses Syngenta of being "disingenuous" because Syngenta filed complaints in the District of Delaware that DeKalb maintains are as sparse as its own Complaint. DeKalb Opp. at 11-13. The Syngenta lawsuits, however, did not involve the issues that are posed by the
(footnote continued)

Indeed, it would have been a simple matter for DeKalb to have amended its Complaint and allege that Syngenta actually practices the claimed processes. DeKalb's reluctance to do that speaks volumes about the underlying merit of its allegations.

### 2. *Phonometrics* Did Not Eliminate the Need to Plead Required Elements

Instead of amending its Complaint, or offering any meaningful justification for why it failed to allege infringement of the patented processes, DeKalb repeatedly invokes the Federal Circuit's decision in *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790 (Fed. Cir. 2000). *See* DeKalb Opp. at 2, 6-11. But *Phonometrics* provides no justification for DeKalb's failure to plead the requisite elements of its infringement allegations.

Initially, it should be noted that the complaint in *Phonometrics* provided *far more detail* than DeKalb's Complaint:

> 8. Defendant NTI and its said agents, have for a long time passed, that is at least since June 1987, infringed said '463 patent and have continued to do so though the date of expiration of said patent, that is October 30, 1990, through the selling of display key telephone systems that employ technical features known as station message detail recording (SMDR); digital display of real time call cost accounting and/or other display of said SMDR; and programmable call cost rate database memories which, in combination with other elements set forth below, infringes Plainitiff's Letters Patent '463.
>
> 9. NTI has furthered the direct infringement of said Patent by its said network of dealers agents by making such display key telephone systems that are adapted and intended to be interfaced at the end user level with hardware and/or software of third party vendors . . . having features of answer detection, answer supervision, answer indication or call completion to thereby yield key telephone

---

(footnote continued)
complaint here, where DeKalb is attempting to charge inducement to infringe, contributory infringement, and direct infringement of process patents while conspicuously avoiding and being unable to make the allegations that Syngenta practiced the process at all, that it was ever practiced since the term of either patent commenced, or that Syngenta has performed the elements of inducement and contributory infringement.

4

systems or enhanced accuracy of call cost accounting. Said NTI has thereby induced the infringement of its said network of agents.

*Phonometrics* Complaint, ¶¶ 8, 9 (attached as Exhibit A). Accordingly, DeKalb is simply wrong when it suggests that *Phonometrics* permits the bare allegation that Syngenta "makes and uses corn" to satisfy the Federal Rules pleading requirements.

Moreover, the actual holding in *Phonometrics* was only that the district court had erred in requiring a plaintiff to include, in its complaint, express allegations of infringement of *each limitation of claim 1 of the patent in suit*. 203 F.3d at 792-94.[3] Syngenta's position does not conflict with this unremarkable holding, and Syngenta is not asserting that DeKalb's Complaint is deficient because it fails to address specific claim limitations. However, nothing in *Phonometrics* supports *DeKalb's* sweeping assertion that the case excuses patent plaintiffs from alleging the elements of direct infringement, inducement to infringe, or contributory infringement.

### 3. The Seventh Circuit Requires DeKalb to Plead the Elements

In addition, while DeKalb concedes that Seventh Circuit law controls (*see* DeKalb Opp. at 2), *Phonometrics* involves the Federal Circuit's interpretation of *Eleventh Circuit law*. 203 F.2d at 793-94. The controlling law of the Seventh Circuit has, for at least the last 20 years, consistently required that "[a] complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Herdrich v. Lori Pegram, M.D.*, 154 F.3d 362, 369 (7th Cir. 1998) (citing *Sutliff, Inc. v.*

---

[3] In prior related appeals, the Federal Circuit had interpreted claim 1 of the asserted patent to encompass certain human readable (not machine readable) displays, and also to require that the displays cumulate costs as they accrue in real time. 203 F.3d at 792. On remand following these claim construction rulings, the district court incorrectly required the plaintiff to expressly allege in its complaint that the defendants had used apparatuses that included human readable displays and that the displays showed cumulated costs as they accrued in real time. *Id.*

*Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984)); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir. 1996) (affirming dismissal of complaint that contained "neither 'direct allegations on every material point necessary to sustain a recovery' nor 'allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.' ") (quoting *Sutliff*, 727 F.2d at 654). DeKalb's Opposition in no way demonstrates that its Complaint satisfies this basic standard of notice pleading. *See also Lindgren v. Moore*, 907 F. Supp. 1183, 1186 (N.D. Ill. 1995) ("[T]he court need not strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint.") (citing *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977)).

Moreover, contrary to DeKalb's suggestion that this Seventh Circuit rule of pleading has been "effectively renounced" by this Court in post-*Phonometrics* cases (*see* DeKalb Opp. at 10), this Court continues in fact to cite and apply the identical rule (which is not unique to patent cases) in post-*Phonometrics* cases, including cases in 2004. *See, e.g., McDonald v. Brown*, No. 03C4568, 2004 U.S. Dist. LEXIS 18802, at *4 (N.D. Ill. Sept. 30, 2004) ("All plaintiffs . . . must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory.") (citing *Chawla v. Klapper*, 743 F. Supp. 1284, 1285 (N.D. Ill. 1990)); *Trustees of the Cement Masons Fund, Local 502 v. F & V Cement Contractors, Inc.*, No. 02C3979, 2004 WL 765368, at *1 (N.D. Ill. Apr. 7, 2004) ("[T]he complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory.") (citing *Chawla*, 743 F. Supp. at 1285).

Thus, *Ristvedt-Johnson, Inc. v. Peltz*, No. 91C3273, 1991 WL 255691, at **3-5 (N.D. Ill. 1991), as well as the other cases cited by Syngenta in its opening brief—which follow this same

6

rule of pleading—remain good law and fully support dismissal of DeKalb's conclusory allegations of infringement.

Further, to the extent there is any perceived conflict between *Ristvedt-Johnson* and the later Northern District of Illinois cases cited by DeKalb,[4] the decisions of the Court of Appeals for the Seventh Circuit, cited above, control and resolve the conflict in Syngenta's favor. *See, e.g., Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted).[5]

### 4. DeKalb's Additional Arguments Are Unpersuasive

In response to Syngenta's challenges to the sufficiency of DeKalb's allegation of direct infringement, DeKalb criticizes Syngenta for allegedly "ignoring" the existence of 35 U.S.C. § 271(g). *See* DeKalb Opp. at 5-6. DeKalb's Complaint, however, does not mention section 271(g) (or any other section of the Patent Act), or provide any basis for concluding that DeKalb

---

[4] Syngenta distinguished the *One World Technologies* and *Jackson* cases relied upon by DeKalb in its opening brief. *See* Syngenta Mem. at 7 n.3. Further, DeKalb's reliance on this Court's decision in *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, No. 00C2855, 2001 WL 184804 (N.D. Ill. Feb. 20, 2001) (DeKalb Opp. at 8), is totally misplaced. The complaint at issue there included all of the essential elements of inducement, in contrast to DeKalb's conclusory "inducing others" allegation here. *See id.* at *3 (summarizing the plaintiff's detailed inducement allegations). Accordingly, the *SmithKline* decision actually supports Syngenta's motion to dismiss.

[5] DeKalb cites a 1933 decision for the alleged proposition that where inconsistencies exist between court opinions, the later adjudications should be followed in preference to the earlier ones. DeKalb Opp. at 10. In fact, the case does not support DeKalb's argument, because it states only that, in applying *Illinois state law*, a district court should follow the latest decision by the *Supreme Court of Illinois*. *Alexander v. Missouri State Life Ins. Co.*, 68 F.2d 1, 3 (7th Cir. 1933).

might be relying on section 271(g), which covers the situation where someone "imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States." Certainly, the allegation that Syngenta is "making and using corn containing genes that confer resistance to the herbicide glyphosate" (Complaint at ¶12) cannot reasonably be construed as alleging (as DeKalb now implies) that Syngenta is infringing under section 271(g). This allegation says nothing like that. Indeed, DeKalb's invocation of section 271(g) supports Syngenta's position that the Complaint fails to give fair notice of the basis for its infringement claims, and does not excuse the absence in the Complaint of *any* allegation that Syngenta (or anyone else) practices (or at least practiced) the claimed processes. *See also Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

DeKalb also argues that its Complaint tracks Form 16 and therefore must state a viable claim for relief. *See* DeKalb Opp. at 10-11. This argument is likewise unpersuasive. Form 16 is only a sample complaint for infringement under section 271(a), not 271(g) or any other section of the patent laws. Further, DeKalb has not even followed Form 16, which includes allegations that the patent is still in force and also that the defendants "has for a long time past been and still is infringing . . . ." DeKalb's Complaint lacks any allegation that the patented process was practiced during the terms of the '880 and '863 patents. In fact, section 271(g) has been interpreted to require that the patented process be performed during the patent term (and not just the later activities performed in connection with the resulting product), making this allegation even more critical in the present situation. *See, e.g., Mycogen Plant Sci., Inc. v. Monsanto Co.*,

8

252 F.3d 1306, 1319 (Fed. Cir. 2001) ("[S]ection 271(g) requires that the patent be issued and in force at the time that the process is practiced and the product is made.").

### B. DeKalb Has Not Overcome the Failure of its Complaint to Allege the Elements of Either Inducement or Contributory Infringement

DeKalb's Complaint is most obviously deficient in its purported allegations of inducement and contributory infringement. As discussed in Syngenta's initial brief (*see* Syngenta Mem. at 9-14), controlling case law provides that the "modern requirement of mere notice pleading does not affect the requirement that the plaintiff allege *every essential element* to show the violations of law claimed." *Ristvedt-Johnson*, 1991 WL 255691, at **3-5 (emphasis added). *Ristvedt-Johnson*, for example, is clear precedent for granting a motion to dismiss an allegation of inducement to infringe where (as here) the plaintiff failed to allege each element of inducement, including "the requisite intent." *See id.* at *4. Yet DeKalb's Complaint alleges none of the required elements of either inducement *or* contributory infringement.

In response, DeKalb does not dispute that its Complaint fails to allege any of the legal elements of inducement or contributory infringement. Indeed, DeKalb does not suggest that it *could* allege any of these elements.

Instead, it remains DeKalb's position—again relying on *Phonometrics*—that it is simply not required to allege any legal elements relating to its infringement claims. As mentioned above, however, *Phonometrics* does not support DeKalb's strained interpretation of the law. *See also Ondeo Nalco Co. v. Eka Chem., Inc.*, No. CIV A01537SLR, 2002 WL 1458853, at **1-2 (D. Del. June 10, 2002) (post-*Phonometrics* decision dismissing inducement claim under Rule 12(b)(6) for failure to allege direct infringement by a party other than the defendant); *Catapano v. Wyeth Ayerst Pharm., Inc.*, No. 88 F. Supp. 2d 27, 30-31 (E.D.N.Y. 2000) (post-*Phonometrics*

9

decision granting motion to dismiss contributory infringement claim for failure to allege statutory elements).

Further, Form 16 of the Federal Rules of Civil Procedure certainly cannot excuse DeKalb's failure to allege the elements of inducement and contributory infringement. Most critically, the only situation that Form 16 purports to deal with is where the patentee alleges direct infringement under 35 U.S.C. § 271(a). The form does not even purport to relate to inducement under 35 U.S.C. § 271(b) or contributory infringement under 35 U.S.C. § 271(c).

There is, moreover, case law expressly holding that Form 16 does not contain the information necessary to allege either inducement or contributory infringement. In *Shearing v. Optical Radiation Corp.*, 30 U.S.P.Q.2d (BNA) 1878 (D. Nev. 1994), the court specifically rejected the plaintiff's argument that a complaint that alleged inducement and contributory infringement was sufficient because it tracked Form 16. *Id.* at 1880. In rejecting plaintiff's argument and dismissing the complaint, the court stated that, "Form 16 does not contain the necessary allegations for § 271(b) and (c) liability." *Id.* DeKalb cites no case contrary to *Shearing*, in any jurisdiction, that has ever interpreted Form 16 as being sufficient for claims of inducement or contributory infringement.

Finally, in discussing inducement, the *Shearing* court noted that the plaintiff's complaint failed to include many of the same things missing from DeKalb's Complaint, including an allegation of "direct infringement by someone" and an allegation that "the inducer knowingly and with specific intent encouraged that other's infringement." *Id.* Similarly, in discussing contributory infringement, the court noted that the complaint failed to include an allegation of direct infringement as well as an allegation that "the item sold is not suitable for substantial noninfringing use." *Id.*

## III. CONCLUSION

For all the reasons given above and in Syngenta's opening brief, DeKalb's claims of infringement of the '880 and '863 patents are legally deficient as a matter of law, fail to provide Syngenta with fair notice of DeKalb's allegations as required by Fed. R. Civ. P. 8(a)(2), and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

CASSIDAY, SCHADE & GLOOR

David C. Van Dyke
Ronald D. Fiet
20 N. Wacker Dr.
Suite 1040
Chicago, Illinois 60606
(312) 641-3100
Attorney No. 6204705

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000

Attorneys for Defendants
Syngenta Seeds, Inc. and
Syngenta Biotechnology, Inc.

Dated: October 27, 2004

798038_5/6646074

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PHONOMETRICS, INC.,
a Florida Corporation,

    Plaintiff,

vs.

NORTHERN TELECOM, INC.,
a Tennessee Corporation,
and UNITED TELEPHONE OF
FLORIDA, INC., a Florida
Corporation,

    Defendants.
_____/

CASE NO. 93 6561
CIV-ZLOCH

MAGISTRATE JUDGE
SELTZER

## COMPLAINT

    Plaintiff, PHONOMETRICS, INC., sues Defendants NORTHERN TELECOM, INC., a Tennessee Corporation, and UNITED TELEPHONE OF FLORIDA, INC., a Florida Corporation, and alleges as follows:

### JURISDICTION/VENUE

    1. Jurisdiction in this case exists under 28 U.S.C. §1338(a), in that this is a civil action arising under An act of Congress, namely, 35 U.S.C. §271, et seq relating to patents and the infringement thereof.

    2. Plaintiff is a Florida corporation having its principal place of business at 3225 Aviation Avenue, Miami, Florida, 33131.

    3. Venue in this case is predicated upon 28 U.S.C. §1400(b). More particularly, Defendant, NORTHERN TELECOM, INC. (hereinafter "NTI"), and its various agents of the categories set forth below, have committed acts of induced and direct infringement respectively in this District within the contemplation of 35 U.S.C. §§ 271(a)

1





EXHIBIT A

and (b). Further, Defendant UNITED TELEPHONE OF FLORIDA, INC., (hereinafter "UNITED") has a regular and established place of business in this District, namely, 500 W. Cypress Creek Road, Fort Lauderdale, Florida 33309. UNITED is an agent of said NTI.

4. Defendant NTI is a public company headquartered in Nashville, Tennessee 37229.

## GENERAL ALLEGATIONS

### COUNT I

5. Plaintiff is the holder by mesne assignment of all right, title and interest in the United States Patent No. 3,769,463, issued October 30, 1973, to one Phillip G. Graham and one Lawrence Reich, entitled Electronic Long-Distance Telephone Call Computer and Recorder, a copy of which is appended herewith.

6. The marketing and distribution of products of Defendant NTI occurs through a network of dealer agents, which network comprises a combination of wholly and partially owned subsidiary companies; controlled affiliate companies; and otherwise independent associate and preferred dealers that are agents of NTI by operation of contract and/or by course of conduct vis-a-vis NTI and the public. Defendant UNITED comprises such a dealer agent of NTI.

7. All of such above categories of entities are, for purposes of the complained of acts of infringement, agents of Defendant NTI. As such, Defendant NTI is responsible for the acts of those entities which comprise said network of dealer agents.

8. Defendant NTI and its said agents, have for a long time passed, that is, at least since June 1987, infringed said '463 patent and have continued to do so through the date of expiration of said patent, that is, October 30, 1990, through the selling of display key telephone systems that employ technical features known as station message detail recording (SMDR); digital display of real time call cost accounting and/or other display of said SMDR; and programmable call cost rate database memories which, in combination with other elements set forth below, infringes Plaintiff's Letters Patent '463.

9. NTI has furthered the direct infringement of said Patent by its said network of dealers agents by making such display key telephone systems that are adapted and intended to be interfaced at the end user level with hardware and/or software of third party vendors, including without limitation XTEND, Inc., Moscom, Inc., and Amtel Technologies, Inc., having features of answer detection, answer supervision, answer indication or call completion to thereby yield key telephone systems of enhanced accuracy of call cost accounting. Said NTI has thereby induced the infringement of its said network of agents.

10. Defendant NTI has, during 1987 to 1990 period, manufactured and sold, thru its dealer networks, infringing products, including without limitation, telephone key system products known as the MERIDIAN series, VANTAGE series, ESPRIT SERIES, NORSTAR SERIES, and KLM.

11. Said dealer agents of NTI have, through mechanism known

3

as dealer installation packages, complementary application programs, and express written proposals, encouraged and facilitated the integration of said third party hardware and/or software into said equipment and systems manufactured by Defendant NTI.

12. Said agents of said NTI of the type set forth in Paragraph 6 above have directly infringed the '463 patent through acts within the reasonable scope of their dealership and/or operating authorities derived by contract, and otherwise, from said NTI which therefore is liable for said acts of direct infringement under principles of agency.

13. Plaintiff, on several occasions after learning of the potential infringement, including, in particular, on occasions during 1990, informed Defendant NTI of its allegations of infringement. Despite such advisements, Defendants, NTI has continued, through its agents, to infringe Plaintiffs said Letters of Patent.

## COUNT II

14. Plaintiff incorporates by reference the allegations of Paragraph 1 to 13 as if set forth at length herein.

15. Defendant NTI has from time-to-time, provided at a production level one or more of its products set forth in Paragraph 10 above with features of answer detection, answer supervision, answer indication and/or call completion, including without limitation The Tele-Series System, to thereby yield key telephone systems of enhanced accuracy of call cost accounting.

16. Said NTI has thereby directly and irrespective of its

4

marketing network, infringed the '463 patent.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

WHEREFORE, Plaintiff demands judgment for an accounting and for all damages commencing six years preceding the date of filing of the original Complaint in this action and demands an assessment of interest and costs corresponding to such damages against the Defendants, and any and all other relief that this Court may deem just and proper.

Respectfully submitted,

MICHAEL HURSEY, P.A.
Counsel for Plaintiff
One River Plaza, Suite 701
305 South Andrews Avenue
Fort Lauderdale, FL 33301
Broward: (305) 779-1880
Dade   : (305) 940-7076

_____
MICHAEL HURSEY
Fla. Bar No. 457698

Of Counsel

Melvin K. Silverman, Esq.
305 South Andrews Avenue
Suite 503
Fort Lauderdale, FL 33301

Attachment
U.S. Patent No. 3,769,463

5

27477/10588/DVD/CMW/JH                                            ARDC# 6204705

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 50323 |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| SYNGENTA SEEDS, INC., et al., ) | |
| ) | Magistrate Judge P. Michael Mahoney |
| Defendants. ) | ORAL ARGUMENT REQUESTED |

## NOTICE OF FILING

TO:   *See Attached Service List*

**PLEASE TAKE NOTICE** that we have on October 27, 2004 filed Defendants' Reply Brief in Support of its Motion to Dismiss with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which is herewith served upon you.

By: _____
One of the Attorneys for SYNGENTA SEEDS, INC.
and SYNGENTA BIOTECHNOLOGY, INC.

David C. Van Dyke
Ronald D. Fiet
CASSIDAY, SCHADE & GLOOR, LLP
20 N. Wacker Drive - Ste. 1040
Chicago, Illinois   60606
(312) 641-3100

Of Counsel:
Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF COOK        )

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn upon oath deposes and states that she served a copy of the foregoing document to whom it is directed by transmitting a copy via facsimile and depositing same in the U.S. Mail Chute at 120 W. State St., Rockford, Illinois on October 27, 2004.

_____

**SUBSCRIBED AND SWORN** to
before me this _____ day of
_____, 2004.


_____
**NOTARY PUBLIC**

27477/10588/DVD/CMW/JH
DeKalb Genetics Corporation v. Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc.

## SERVICE LIST

VIA FACSIMILE NO. (815) 968-0019
AND FIRST CLASS MAIL
John J. Holevas, Esq.
WILLIAMS AND MCCARTHY
321 West State Street
Rockford IL 61101
(815) 987-8900
(815) 968-0019 (Fax)


VIA FACSIMILE NO. (713) 787-1440
AND FIRST CLASS MAIL
John F. Lynch
Thomas A. Miller
Susan K. Knoll
HOWREY SIMON ARNOLD
 & WHIRE, LLP
750 Bering Drive
Houston TX 77057
(713) 787-1400
(713) 787-1440 (Fax)


6646078 DVANDYKE;MPALUMBO