
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SYNGENTA SEEDS, INC. and SYNGENTA BIOTECHNOLOGY, INC.,<br><br>Defendants. | Civil Action No. 04 C 50323<br><br>JURY TRIAL DEMANDED<br><br>Judge Philip G. Reinhard<br><br>Magistrate Judge P. Michael Mahoney |

DOCKETED
NOV 10 2004

05-355

## SYNGENTA'S PROPOSED CASE MANAGEMENT ORDER

I.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held in Civil Action No. 04 C 50323 on November 9, 2004, and was attended by: Thomas A. Miller for Plaintiff DEKALB Genetics Corporation and Michael J. Flibbert for Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc.

Counsel for DeKalb and Syngenta have been able to reach agreement on most matters dealt with in the Case Management Order. Counsel could not, however, agree on certain matters relating to the Discovery Plan (section IV below), including such things as the dates by which particular discovery tasks must be completed.[1] Accordingly, Syngenta believes that its Proposed Case Management Order differs from DeKalb's proposed order with respect to the Discovery Plan but that all other aspects of the parties' proposed orders are essentially the same.

II.  The Fed. R. Civ. P. 26(a)(1) material will be exchanged by December 3, 2004.

---

[1] Syngenta's goal in proposing its discovery dates was to provide dates that parallel those previously imposed in *Monsanto Co. v. Syngenta Seeds, Inc.*, No. 04-305-SLR (D. Del. filed May 12, 2004), which involves the same allegedly infringing activity as is involved in the present action. DeKalb proposes similar, but generally earlier, discovery dates.

III.    Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

Syngenta believes that ADR processes are premature at this time and requests this case be excused from ADR until the parties have had an opportunity to engage in fact discovery.

IV.    Discovery Plan. Syngenta proposes to the court the following discovery plan:

   A. Discovery will be needed on the following subjects: infringement of U.S. Patent Nos. 5,538,880 and 6,013,863; validity of U.S. Patent Nos. 5,538,880 and 6,013,863, including Defendants' affirmative defenses and counterclaims; and damages.

   B. Maximum of 25 interrogatories per side.

   C. Maximum of 100 requests for admission per side.

   D. Maximum of 125 hours for fact depositions by Plaintiff and 125 hours of fact depositions by Defendants.

   E. Each fact deposition, other than those noticed under Fed. R. Civ. P. 30(b)(6), shall be limited to a maximum of 7 hours unless extended by agreement of the parties.

2

F. Fact discovery cut-off is set for September 30, 2005.

G. Expert reports under Rule 26(a)(2) on issues for which the parties have the burden of proof due October 17, 2005. Rebuttal expert reports due November 14, 2005. Expert depositions shall be completed by December 9, 2005. Supplementations under Rule 26(e) will be scheduled by the court at the request of the parties.

H. All discovery shall be cut off by December 9, 2005.

I. Time for the parties to amend pleadings and add counts or parties is hereby established as February 14, 2005.

J. The next discovery conference with the court shall be February 21, 2005.

All dispositive motions will be due 30 days after the fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

        Respectfully submitted

By: _____
        Attorneys for Sygenta Seeds, Inc.

David C. VanDyke
Ronald D. Fiet
CASSIDAY, SCHADE & GLOOR, LLP
120 W. State Street, Suite 401
Rockford, IL 61101
(815) 962-8301