RECEIVED

OCT 1 3 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DEKALB GENETICS CORPORATION, | Civil Action No. 04 C 50323 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SYNGENTA SEEDS, INC. and SYNGENTA BIOTECHNOLOGY, INC., | Judge Philip G. Reinhard |
| Defendants. | Magistrate Judge P. Michael Mahoney |

### DEKALB GENETICS CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THIS CASE

**I.   INTRODUCTION**

Plaintiff, DEKALB Genetics Corporation ("DEKALB") opposes Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc.'s ("Defendants'") Motion To Dismiss.[1] Contrary to Defendants' assertions, the allegations of DEKALB's complaint satisfy the Federal Rules of Civil Procedure and the pleading requirements in the Seventh Circuit.

Defendants argue that DEKALB's patent infringement Complaint does not satisfy the notice pleading requirements of the Federal Rules of Civil Procedure, and should therefore be dismissed, because:

(1)   DEKALB does not – purportedly – allege that Defendants use the processes claimed in the process patents-in-suit to make Defendants' glyphosate-resistant corn (Defendants' Motion at 1, 3, 6-7);

(2)   DEKALB has not alleged that Defendants' infringing activity occurred within the United States, an element that DEKALB supposedly needed to plead under § 271(a) of the Patent Code (Defendants' Motion at 8);

---

[1] In addition to those reasons of opposition to Defendants' Motion To Dismiss, which DEKALB sets forth herein, DEKALB also objects to Defendants' Motion for failure to follow Local Rule 5.3(b), which required Defendants to obtain a date of presentment not more than 10 business days following the date the motion was delivered to the court. Defendants filed their Motion on September 20, 2004 and set the date of presentment for October 13, 2004, more than the ten days required by the Local Rule.

DM_US\8063695.v1

(3) DEKALB has not alleged that Defendants' infringing activity occurred during the term of the patents-in-suit, another element that DEKALB supposedly needed to plead under § 271(a) (Defendants' Motion at 8); and

(4) DEKALB has not alleged the knowledge, intent and other elements of an inducement and contributory infringement claim under §§ 271(b) and (c), elements that DEKALB supposedly needed to plead under the notice pleading rules of the Federal Rules (Defendants' Motion at 9-14).

Defendants are wrong. They are wrong in what they contend DEKALB has and has not pleaded. More significantly, they are wrong on what the Federal Rules of Civil Procedure require DEKALB to plead to set forth a patent infringement claim.

Moreover, Defendants *know* their arguments summarized above are wrong. As shown later herein, Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. each recently filed separate patent infringement complaints, one against DEKALB and Monsanto and another against Monsanto, wherein they pled even fewer facts than those set forth in DEKALB's Complaint in this case. If Defendants believed that their complaints sufficiently apprised DEKALB (and Monsanto) of the nature of Defendants' patent infringement claims in those other cases so as to satisfy the Federal Rules, then Defendants cannot now, without being disingenuous, feign that they do not have sufficient notice of DEKALB's infringement claims from the allegations of the Complaint in this case.

## II. STANDARD FOR REVIEWING DEKALB'S COMPLAINT AND DEFENDANTS' MOTION TO DISMISS

Defendants are correct that in reviewing Rule 12(b)(6) motions to dismiss, courts must apply the rules of law of the regional circuit. (Defendants' Motion at 5) *See Phonometrics v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000). The law in the Seventh Circuit thus applies in this case.

In the Seventh Circuit, a motion to dismiss "challenges the sufficiency of the complaint", not the merits of the lawsuit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th

Cir. 1998). On a Rule 12(b)(6) motion, the court presumes the allegations in the complaint are true and "must read the complaint liberally, evaluate all well-pleaded allegations, and draw all reasonable inferences in favor of the plaintiff." *Allen v. City of Zion*, 2003 WL 22078374 at *1 (N.D. Ill. 2003) (*citing Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir. 1996)); *see also Triad Associates, Inc. v. Robinson*, 10 F.3d 492, 495 (7th Cir. 1993) (in reviewing motion to dismiss, court must take the allegations raised as true). To survive a motion to dismiss, "a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).

As to the sufficiency of the pleaded facts, the Supreme Court has held: "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff can meet this test by pleading conclusions and not facts, so long as the conclusions provide the defendant "with at least minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995).

Finally, the United States Supreme Court in *Conley* specifically suggested that the sample complaint forms attached to the Federal Rules of Civil Procedure meet the pleading standard it enunciated in *Conley*. 355 U.S. at 47 ("The illustrative forms appended to the Rules plainly demonstrate this [the required pleading standard]."). This is consistent with Rule 84 of the Federal Rules of Civil Procedure, which expressly declares that the attached forms to the Federal Rules "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

3

III. ARGUMENT

    A. **DEKALB's Patent Infringement Complaint Satisfies The Federal Rules Of Civil Procedure And Should Not Be Dismissed Under Rule 12(b)(6)**

        1. **DEKALB's Complaint Contains The Essential Allegations Of A Patent Infringement Claim**

Defendants are correct that the patents-in-suit contain process or method claims. Defendants are wrong, however, in arguing that DEKALB's Complaint limits the accused infringement only on Defendants' corn products and not also on Defendants' method of making its accused corn products. (Defendants' Motion at 1, 3, 6-7) Defendants further err by arguing that DEKALB's Complaint does not satisfy the pleading standards of the Federal Rules of Civil Procedure. DEKALB will show what its Complaint alleges, and how those allegations satisfy the pleading requirements in the Seventh Circuit.

At its simplest, DEKALB's Complaint asserts the following essential allegations:

*Ownership.* DEKALB's Complaint asserts that DEKALB owns and has the right to bring suit for infringement of the patents-in-suit, U.S. Patent Nos. 5,538,880 ("the '880 patent") and 6,013,863 ("the '863 patent"). (Complaint at ¶¶ 9 and 15)

*Defendants Named.* DEKALB's Complaint names the Defendants, Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. (Complaint at ¶¶ 2-3)

*Infringed Patents Identified.* DEKALB's Complaint asserts that one or more claims of the '880 patent and the '863 patent are infringed by Defendants. (Complaint at ¶¶ 11, 16, Defendants do not have the right to practice the claims of the patents-in-suit; and ¶¶ 12, 17, Defendants have infringed and continue to infringe one or more claims of the patents-in-suit)

*Means of Infringement Stated.* DEKALB's Complaint asserts the means by which Defendants infringe: infringement through *making and using* corn without a license to the patent claims. (Complaint at ¶¶ 7, 12-13, 17-18)

On this point, Defendants are clearly wrong in arguing DEKALB's Complaint does not accuse Defendants' processes of infringing DEKALB's patents. (Defendants' Motion at 1) DEKALB's allegation that the infringement consists in Defendants' *making* glyphosate-resistant corn without a license under the patents-in-suit clearly brings within the scope of the Complaint Defendants' *method* or process of so making the corn. Equally as clear, DEKALB's allegation that the infringement also consists in Defendants' *using* corn made without a license under the patents-in-suit also brings within the scope of the Complaint infringement through use of the corn product itself that was made using the patented processes under 35 U.S.C. § 271(g), a provision that Defendants' Motion completely ignores. *See, e.g., Eli Lilly and Co. v. American Cyanamid Co.*, 82 F.3d 1568, 1572 (Fed. Cir. 1996) (it is an act of infringement to sell or use within the United States a product that is made by a process patented in the United States); *SGS-Thomson Microelectronics, Inc. v. International Rectifier Corp.*, 1994 WL 374529 (Fed. Cir. 1994) (concurring opinion) (it is an act of infringement to import or sell in the United States a product made within or without the United States by a patented process). Both the method of making corn and use of Defendants' corn product are at issue in DEKALB's Complaint.

Defendants also are clearly wrong in arguing that "Syngenta has not and will not use such processes." (Defendants' Motion at 1) As a matter of law, this argument has no place or relevance in a motion to dismiss because the Court must assume the truth of the matters asserted by DEKALB in its Complaint. *See Triad Associates*, 10 F.3d at 495 (in reviewing motion to dismiss, court must take the allegations raised as true). DEKALB has asserted, as shown above,

that Defendants infringe by their making – i.e., the methods used in making – and using glyphosate-resistant corn. For purposes of Defendants' Motion, therefore, Defendants cannot contest this allegation.[2]

*Patent Laws Cited.* DEKALB's Complaint asserts that Defendants' infringing acts violate the Patent Laws of the United States, Title 35. (Complaint at ¶ 4) These laws include 35 U.S.C. §§ 271(a) (direct infringement), 271(b) (inducing infringement), 271(c) (contributory infringement), and 271(g) (direct infringement by using a product made by a patented process).

As shown below, Seventh Circuit law does not require DEKALB to plead anything beyond the five elements noted above, although DEKALB's Complaint certainly includes additional facts beyond those needed to raise a patent infringement claim. (Complaint at ¶¶ 6-19)

### 2. DEKALB's Infringement Allegations Satisfy Seventh Circuit Law For A Patent Infringement Complaint

Courts in the Seventh Circuit follow the recent Federal Circuit decision of *Phonometrics v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000), which outlines the

---

[2] While not necessary to the resolution of Defendants' Motion to Dismiss, DEKALB also notes that Defendants cannot deny their infringement with the simple argument that they did not make the original R0 plant tissue (i.e., the first plant tissue transformed with the gene that conferred glyphosate resistance). This is because the claims in both the '880 patent and the '863 patent not only cover the method of making R0 plant tissue, but also the method of creating glyphosate-resistant progeny corn plants derived from R0 plant tissue. (See, e.g., claim 4 of the '880 patent and claim 5 of the '863 patent) In the prior litigation in this court, brought by DEKALB, Defendants' predecessors Ciba-Geigy and Northrup King argued that the term progeny in the patents-in-suit (including the '880 patent) should be limited to the R1 generation, which was made before the patents-in-suit issued. This Court, however, held that "'progeny' in the claims of the patents in suit, [ ] means the R1 and succeeding generations." (*See* Exhibit 1, Report and Recommendation of Special Master Regarding Claim Construction at 43; Exhibit 2, Order Adopting Recommendation)

Defendants admit that they intend to introduce for commercial sale glyphosate-resistant corn seed in 2005. (Defendants' Motion at 1) This necessarily means that they are now engaged in the process of making glyphosate-resistant progeny in order to produce sufficient quantities of corn seed for commercial sale next year. This constitutes infringement of the patents-in-suit. While the claims of the patents-in-suit may also cover other activities of Defendants, the extent of Defendants' infringement is not relevant to the Motion to Dismiss.

basic allegations needed to state a patent infringement claim. *See One World Technologies, Ltd. v. Robert Bosch Tool Corporation*, 2004 WL 1576696 at *2 (N.D. Ill. July 13, 2004) (following *Phonometrics*); *Jackson v. Illinois Bell Telephone Co.*, 2002 WL 1466796 at *3 (N.D. Ill. July 8, 2002) (same).

Specifically, in the Seventh Circuit, a patent infringement plaintiff need only allege the following "to state a claim for patent infringement" and "to put the defendant on notice":

(1) ownership of the asserted patent;

(2) the names of the accused defendants;

(3) the patent numbers that defendant allegedly infringes;

(4) the means by which defendants infringe; and

(5) a statement showing the infringement claim is brought under the patent laws of the United States.

*One World*, 2004 WL 1576696 at *2. *See also Jackson*, 2002 WL 1466796 at *3.

For example, the plaintiff in *One World* alleged the above five elements, and nothing more, in its patent infringement suit. 2004 WL 1576696 at *2. The defendant, Robert Bosch Tool, in a motion to dismiss argued that the complaint was deficient because the only thing the plaintiff alleged under the fourth element (i.e., the means element) was that defendant was "directly infringing, inducing infringement by others, and/or contributorily infringing ... by making, using, selling, and/or offering to sell products falling within the scope of such claims...." *Id.* The court rejected the motion to dismiss, holding that no specific facts were needed to further describe the means of infringement under *Phonometrics*, and that the basic five assertions found in One World's complaint satisfied the Federal Rules for a complaint asserting direct infringement, infringement by inducement and contributory infringement. *Id.*

7

The accused infringer in *Jackson* made the same unsuccessful Rule 12(b)(6) motion against a similar patent infringement complaint. There, the court specifically found that the plaintiff's allegation that the "defendants ...infringed the patent in suit either directly or through acts of contributory infringement or inducement" by selling voice mail systems satisfied the fourth element (i.e., the means element) of the *Phonometrics* test and was sufficient to defeat defendant's Rule 12(b)(6) motion. 2002 WL 1466796 at *2-3. *See also Smithkline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 2001 WL 184804 at *3 (N.D. Ill. Feb. 20, 2001) (court rejected defendant's argument that plaintiff's failure to state facts supporting an infringement by inducement claim rendered the claim futile; court held plaintiff's assertion of infringement by inducement – albeit a legal conclusion – was sufficient under the federal pleading standards without any further asserted facts).

Defendants do not disagree that – as already outlined above – DEKALB's Complaint contains each of these five *Phonometrics* elements (i.e., DEKALB's Complaint states DEKALB is the owner of the patents-in-suit, names the Defendants, identifies the relevant patent numbers that Defendants infringe, states the means of infringement, and states that the suit is brought under the United States patent laws).

The Syngenta Defendants, however, attempt to side-step the *Phonometrics* test and the guiding *One World* and *Jackson* cases by arguing that (1) these cases do not apply to DEKALB's Complaint because DEKALB is asserting process or method patent claims and the patents involved in One World and Jackson were apparatus, not method, claims, and (2) opinions from other circuits and opinions from older Northern District of Illinois decisions allegedly require a plaintiff to plead facts to support all the elements a patentee must prove at trial to show inducement and contributory infringement. (Defendants' Motion at 7 n.3 & 9-14)

8

Defendants' distinctions are unpersuasive and not controlling. First, asserting a process or method patent instead of an apparatus patent is not a distinction of any relevance to Rule 8 of the Federal Rules of Civil Procedure or to the *Phonometrics* rule. Neither *Phonometrics* nor any other case that DEKALB could find holds that the Federal Rules of Civil Procedure impose a higher burden on a plaintiff patentee when asserting a process patent as opposed to an apparatus patent. That argument raised by Defendants is not persuasive or rational.

Moreover, Defendants know that the apparatus-process patent distinction has no legal merit. They cite in their Motion an older Northern District of Illinois case (decided before *Phonometrics*), *Coolsavings.com v. Catalina Marketing Corp.*, 1999 WL 342431 (N.D. Ill. May 14, 1999), which expressly held that a patent plaintiff sufficiently pleads a case of direct infringement of a process or method patent by simply asserting that defendant infringes such patent by making and using a system – without including all the other factual detail that Defendants would have this Court impose upon DEKALB. (Defendants' Motion at 10 n.5) Clearly, the *Phonometrics* rule applies in the Seventh Circuit, regardless of whether the plaintiff is asserting an apparatus or process patent.

Second, Defendants' argument that cases from other circuits or pre-*Phonometrics* opinions from the Northern District of Illinois requiring a more detailed factual pleading for inducement or contributory infringement claims also do not help Defendants now.[3] As stated earlier, decisions from other circuits do not govern this Court's review of Defendants' 12(b)(6)

---

[3] Defendants cite a District of Minnesota case, a District of Nevada case, a District of Massachusetts case, and an Eastern District of New York as well as older cases from the Northern District of Illinois (*Coolsavings, Ristvedt-Johnson, Inc. v. Peltz*, 1991 WL 255691 (N.D. Ill. 1991) and *Waters v. Solarex Corp.*, 1992 WL 4454 (N.D. Ill. 1992). (Defendants' Motion at 10-13.) Most of these older cases appear to require more detailed allegations of inducement or contributory infringement. The exception, however, is the *Waters* case, which is entirely inapplicable as it concerned the inducement of trademark infringement, not patent infringement.

motion and are not controlling. *See Phonometrics*, 203 F.3d at 793 (in reviewing Rule 12(b)(6) motion, courts should apply law of regional circuit). Further, the standard of apparently more detailed pleadings for inducement and contributory infringement claims required by the older Northern District of Illinois cases has been effectively renounced by the more recent Northern District of Illinois cases issued since *Phonometrics*. Those recent cases have clearly adopted *Phonometrics'* holding as the law applicable to patent infringement pleadings for inducement and contributory infringement claims. *Cf. Alexander v. Missouri State Life Ins. Co.*, 68 F.2d 1, 3 (7th Cir. 1933) (where inconsistencies exist between court opinions, the later adjudications should be followed in preference to the earlier ones).

Thus, this leaves Defendants without any controlling authority to challenge DEKALB's Complaint, and therefore, this Court should deny Defendants' Motion. This result should especially apply when considering (1) the patent infringement forms attached to the Federal Rules of Civil Procedure and approved by the United States Supreme Court and the Federal Rules of Civil Procedure, and (2) the patent infringement complaints that Defendants themselves recently filed against DEKALB and Monsanto. These are discussed below.

### B. Form 16 Of The Federal Rules Of Civil Procedure Further Shows That DEKALB's Complaint Satisfies The Federal Rule Pleading Requirements

As stated earlier, the United States Supreme Court in *Conley* specifically stated that the sample complaint forms attached to the Federal Rules of Civil Procedure meet the pleading standard it enunciated in *Conley*. 355 U.S. at 47 ("The illustrative forms appended to the Rules plainly demonstrate this [the required pleading standard]."). Rule 84 of the Federal Rules of Civil Procedure expressly says this.

The Federal Rules include Form 16, which is styled "Complaint for Patent Infringement," a copy of which is appended below:

> FORM 16.  COMPLAINT FOR INFRINGEMENT OF PATENT
>
> 1. Allegation of jurisdiction.
> 2. On May 16, 1934, United States Letters Patent No. _____ were duly and legally issued to plaintiff for an invention in an electric motor; and since that date plaintiff has been and still is the owner of those Letters Patent.
> 3. Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.
> 4. Plaintiff has placed the required statutory notice on all electric motors manufactured and sold by him under said Letters Patent, and has given written notice to defendant of his said infringement.
>
> Wherefore plaintiff demands a preliminary and final injunction against continued infringement, an accounting for damages, and an assessment of interest and costs against defendant.
> [Amended January 21, 1963, effective July 1, 1963.]

The Court will note that Form 16 is similar to the elements that the Federal Circuit said were sufficient for a patent infringement pleading in *Phonometrics* – except Form 16 does not contain any reference to the U.S. patent laws under which the complaint is filed. Nor does Form 16 include all of the other allegations that Defendants' Motion argues to be necessary in DEKALB's Complaint, including allegations that Defendants' infringement occurred within the United States, during the term of the patent, or with knowledge and intent, etc.

Nonetheless, Rule 84 of the Federal Rules of Civil Procedure and the United States Supreme Court in *Conley* both support the proposition that Form 16, although barebones in what it alleges, satisfies the Federal Rules pleading requirements. That being so, DEKALB's more detailed Complaint, which at least contains all the elements found in Form 16, must necessarily also satisfy the Federal Rules.

### C. Defendants Recently Filed Patent Infringement Complaints Against DEKALB and Monsanto in Other Courts That Were More Sparsely Pleaded Than DEKALB's Complaint

If all of the above were not enough to discredit Defendants' arguments, DEKALB has attached as Exhibits 3 and 4 to this Opposition the complaints filed by Syngenta Biotechnology,

11

Inc. and Syngenta Seeds, Inc., respectively, against Monsanto and DEKALB in Delaware. The Court will observe that in both of these complaints, Defendants' allegations of direct infringement, infringement by inducement, and contributory infringement are sparser than DEKALB's Complaint in this case. In both complaints Defendants recite identical language to assert infringement:

> Upon information and belief, each of the Defendants is directly infringing one or more of the claims of the [patents] by making, using, selling or offering to sell the claimed subject matter, and is contributing to and actively inducing the infringement of one or more claims of the [patents] by others.

(Exhibit 3, First Amended Complaint For Patent Infringement in Civil Action No. 02-1326-GMS, at ¶ 11; Exhibit 4, Complaint for Patent Infringement in Civil Action No. 02-1331, at ¶¶ 16-18) Indeed, Defendants' complaints do not identify any particular product that relates to the "claimed subject matter" for the patent infringement claim they raise. They also do not plead that (1) any alleged infringing activity occurred in the United States, (2) the alleged infringing activities occurred during the term of the patents, or (3) the knowledge, intent and other elements a plaintiff must prove at trial for inducement or contributory infringement claims.

The Court will also observe that Defendants asserted method claims in both complaints. (Exhibit 5, U.S. Patent No. 6,051,757, all of claims 1-20; Exhibit 6, U.S. Patent No. 6,075,185, claims 11-12 and 24-25)[4]

If Defendants believed that their allegations in Exhibits 3 and 4 – which asserted infringement of method claims – satisfied the Federal Rules of Civil Procedure, and if Defendants believed that those allegations apprised Monsanto and DEKALB of the nature of Defendants' patent infringement claims in those cases, then Defendants' attack against

---

[4] DEKALB has attached only the first page and the claims of each asserted patent from each case, but has omitted the voluminous other material contained within the patents.

12

DM_US\8063695.v1

DEKALB's Complaint now can be nothing less than disingenuous. For this additional reason, this Court should deny Defendants' Motion.

## IV. CONCLUSION

This Court should deny Defendants' Motion to Dismiss. DEKALB has adequately pleaded infringement under Title 35 of the United States Code, including infringement that would fall under §§ 271(a), (b), (c) and (g). DEKALB's infringement allegations *exceed* those required in the Seventh Circuit. Indeed, DEKALB's Complaint has more detailed allegations than the sample patent infringement complaint found in Form 16 to the Federal Rules of Civil Procedure and Defendants' own patent infringement complaints recently filed against DEKALB and Monsanto. In short, Defendants' Motion to Dismiss is legally unsound, at best, and disingenuous, at worst, and should be denied.

Dated: 10/13/04

Respectfully submitted,

By _____
John J. Holevas
Illinois Bar No. 06193197
WILLIAMS & MCCARTHY
321 West State Street
Rockford, IL 61101
(815) 987-8900

John F. Lynch
Thomas A. Miller
Susan K. Knoll
HOWREY SIMON ARNOLD & WHITE, LLP
750 Bering Drive
Houston, TX 77057
(713) 787-1400

ATTORNEYS FOR PLAINTIFF
DEKALB GENETICS CORPORATION

DM_US\8063695.v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of DEKALB GENETICS CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THIS CASE were served on this the 13th day of October, 2004, as follows:

David C. Van Dyke  **VIA HAND DELIVERY**
Ronald D. Fiet
CASSIDAY, SCHADE & GLOOR, LLP
20 N. Wacker Drive, Suite 1040
Chicago, IL 60606

Don O. Burley  **VIA FEDERAL EXPRESS**
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315