IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>SYNGENTA SEEDS, INC. and SYNGENTA<br>BIOTECHNOLOGY, INC.,<br><br>        Defendants. | Civil Action No. 04 C 50323<br><br><br><br>Judge Philip G. Reinhard<br><br>Magistrate Judge P. Michael Mahoney |

## STIPULATED PROTECTIVE ORDER

It appearing that the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED THAT:

## 1.   PROCEEDINGS AND FORM OF INFORMATION GOVERNED

This Protective Order shall govern any document, information or other thing which is designated as containing "Confidential Information" as defined herein, and is furnished by any party or nonparty to any party in connection with this action. The parties intended to be bound by this protective order include:

(a) DEKALB Genetics Corporation ("DEKALB"), including all subsidiaries and affiliated entities (including, but not limited to, Monsanto Company and Monsanto Technology LLC ("Monsanto"));

(b) Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. ("Syngenta"), including all subsidiaries and affiliated entities.

The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

**2.    DEFINITION OF CONFIDENTIAL INFORMATION**

a.    The term "Confidential Information" shall be interpreted to include trade secrets, confidential and proprietary technical, research, or development information, commercial, financial, budgeting and/or accounting information, information about existing and potential customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, license agreements and confidential, proprietary and private information about affiliates, parents, subsidiaries, third parties and employees with whom the parties to this action have had business relationships.

b.    The scope of this Protective Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

**3.    DESIGNATION OF CONFIDENTIAL INFORMATION**

a.    Any information produced in this action that is reasonably believed by the producing party to contain Confidential Information may be designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," as appropriate.  Other designations may also be used to identify the confidentiality of information provided their meaning is clear.  For example, the designations   "CONFIDENTIAL—FOR   COUNSEL   ONLY,"   "CONFIDENTIAL— ATTORNEYS EYES ONLY" and "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall have the same meaning as "RESTRICTED CONFIDENTIAL" as used herein.  The designation

"RESTRICTED CONFIDENTIAL" shall be limited to current and future business and marketing plans, research and development activities (including past research and development), work with third party collaborators and licensees, financial information, non-public correspondence with the United States and foreign patent offices, and any other information that would harm the competitive position of the producing person or party if the information becomes known to a person or party other than the producing person or party other than as permitted hereunder.

b.      The designation of Confidential Information shall be made at the following times:

(1)     For documents and things, at the time of the production of the documents or things.    However, in the event a producing person or party elects to produce documents and things for inspection pursuant to F.R.C.P. Rule 34(b), no designation need be made prior to the inspection.  For purposes of the inspection, all documents shall be considered RESTRICTED CONFIDENTIAL.  Upon request for copying, the producing person or party shall designate such documents with the appropriate confidentiality marking;

(2)     For written responses to interrogatories or requests for admissions, at the time of the written response;

(3)     For declarations and pleadings, at the time of the filing of such declaration or pleading (see ¶ 10.d.) or as otherwise required by the Court;

(4)     For deposition testimony, at the time of the testimony (see ¶ 10.b.) or within 30 business days after receipt by the designating party of the transcript of the deposition; and

3

(5)     For oral disclosures (other than deposition testimony) which are the subject of ¶ 2.b. above, through confirmation in writing within 10 days of the disclosure thereof.

c.     The designation of Confidential Information shall be made in the following manner:

(1)     For documents, by placing a legend on each page of such document;

(2)     For tangible objects, by placing a label or tag on the object or the container therefor, or if not practicable, as otherwise agreed;

(3)     For written responses to interrogatories or requests for admissions, in writing on the face of any such responses;

(4)     For declarations or pleadings, in writing on the face of any such declaration or pleading;

(5)     For depositions, following the procedure set forth in ¶ 10.b. or in writing within 30 days after receipt by the designating party of the transcript of the deposition; pending designation by counsel, the entire deposition transcript, including exhibits, shall be deemed designated RESTRICTED CONFIDENTIAL, unless counsel during the deposition designates the information CONFIDENTIAL; if no such designation is made within thirty (30) calendar days after receipt of the transcript or during the deposition pursuant to ¶ 10.b, the transcript shall be considered not to contain any Confidential Information; and

(6)     For other oral disclosures, through confirmation in writing within 10 days of the disclosure.

4

d.      It shall be the duty of the party seeking protection of Confidential Information to indicate to the other party and its attorney of record which of the materials and testimony are considered Confidential Information.

e.      Each party retains the right to subsequently redesignate documents and to require such documents to be treated in accord with such designations from that time forward.

f.      If a third party produces any information in this action that the third party reasonably believes to be Confidential Information, the third party may designate the material according to the categories described in ¶ 3, and the parties agree to treat such materials pursuant to the terms of this Protective Order.

## 4.      RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION

a.      A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party takes issue with the designation of Confidential Information, such party shall so inform the other parties to this lawsuit by providing written notice, and all parties shall make good faith efforts to resolve the dispute.

b.      In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information, the party disputing the designation may request appropriate relief from the Court ten (10) business days after said written notice of its disagreement.  The burden of establishing that information has been properly designated as Confidential or Restricted Confidential is on the party making such designation.  This document does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of materials.

5

c.     Counsel for a non-designating party shall have the right to assert that any information designated Confidential Information is, in fact, in the public domain.  Any information, which prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who, absent this Protective Order, is under no restriction with respect to the dissemination of such Confidential Information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as Confidential Information, shall be deemed to be in the public domain.  A non-designating party or person asserting that designated information is in the public domain shall, prior to any disclosure (outside of the parameters of this Protective Order) of such information previously designated as Confidential Information, either obtain the approval, in writing, of the designating party, or the approval of the Court to make such disclosure and shall specifically indicate why it believes that the designated information is in the public domain.

d.     If a non-designating party challenges the confidentiality, or categorization, of material designated under this Protective Order, the designating person shall have the burden of establishing the confidential nature of the material and/or the proper categorization thereof.  The challenged designation and categorization shall remain in effect until changed by order of the Court or agreement of the designating party.

**5.     INADVERTENT PRODUCTION**

a.     The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection

6

afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, as to the inadvertently produced document and any related material.

b.     The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been inadvertently produced. Upon receiving written notice from the producing party that privileged and/or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 5.c., until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

c.     If the receiving party contests the privilege or work product designation by the producing party, the receiving party shall give the producing party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period then all copies of the disputed document shall be returned in accordance with this paragraph. Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the

producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

d.    In the event that the producing party notifies the receiving party that a document or thing was produced without the appropriate confidentiality designation, the producing party shall provide the receiving party with replacement copies of the documents or things bearing the appropriate confidentiality designation.  Upon receipt of the replacement copies, the receiving party shall retrieve and return or destroy all copies of the previously produced documents or things.

**6.    ACCESS TO "CONFIDENTIAL" INFORMATION**

a.    Access to information marked "CONFIDENTIAL" shall be limited to, and only to, the following "qualified persons":

(1)    outside attorneys of record to any party in connection with this action or any actions identified in Paragraph 9(a), and, if the attorney of record is a member of a law firm, the employees and staff of the law firm (collectively "OUTSIDE COUNSEL"), provided that before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order;

(2)    organizations retained by OUTSIDE COUNSEL to provide litigation support services in this action, provided that before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order;

(3)    independent experts and consultants retained in this action by OUTSIDE COUNSEL, in so far as OUTSIDE COUNSEL may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, provided that any such

8

actual or contemplated expert or consultant is not an employee of the parties hereto or their respective counsel and the conditions set forth in ¶ 8 are fulfilled in relation to any such actual or contemplated expert or consultant;

(4)     Marian T. Flattery, Edward Resler, David Snively, Tom DeGroot and any other in-house counsel of the receiving party provided that the conditions and requirements set forth in ¶ 8 are fulfilled in relation to any such in-house counsel of the receiving party;

(5)     two in-house technical persons designated by the receiving party, provided that the conditions set forth in ¶ 8 are fulfilled in relation to any such in-house technical person designated by the receiving party;

(6)     the Court, its personnel and any court reporters involved in taking or transcribing testimony in this action; and

(7)     such other persons as hereafter may be designated by written agreement in this action or by order of the Court.

b.     All materials containing Confidential Information marked "CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

## 7.     ACCESS TO "RESTRICTED CONFIDENTIAL" INFORMATION

a.     Access to information marked "RESTRICTED CONFIDENTIAL" shall be limited to, and only to, the "qualified persons" identified in ¶ 6.a.(1), (2), (3), (6) and (7), with the disclosure to the independent experts and consultants specified in ¶ 6.a.(3) being governed by the procedure set forth below in ¶ 8. In addition, two designated in-house counsel for each Party

Group[1] shall be permitted access to materials filed with the Court, including information designated "RESTRICTED CONFIDENTIAL." The designated in-house counsel shall be Marian T. Flattery and Edward Resler for Syngenta and David Snively and Tom DeGroot for DEKALB. If circumstances require the designation of different in-house counsel permitted access to "RESTRICTED CONFIDENTIAL" information as this above-captioned action progresses, any such designation shall be either by written agreement of the parties or by order of the Court.

b. All materials containing Confidential Information marked "RESTRICTED CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

## 8. DISCLOSURE TO EXPERTS, IN-HOUSE PERSONNEL

a. Each independent expert and consultant referred to in ¶ 6.a.(3) hereof, each in-house technical person referred to in ¶ 6.a.(5) hereof, and each in-house counsel referred to in ¶ 6.a.(4) and ¶ 7.a. hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute a declaration, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order.

b. At least ten (10) business days prior to the receiving party giving, showing, disclosing, making available or communicating Confidential Information to any expert, consultant or in-house counsel or technical person, the receiving party shall deliver to all other parties a copy of the declaration signed by the person to whom Confidential Information is proposed to be disclosed and a resume, curriculum vitae or a description setting forth the

---

[1] For the purposes of this Protective Order, the two Party Groups are: (1) Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. ("Syngenta"), and (2) DEKALB Genetics Corporation ("DEKALB").

person's (i) name, (ii) residence and office addresses, (iii) present employer, job title and job description, (iv) any consulting activities, (v) any relationship to the parties to this action, and (vi) a brief job history for the past five (5) years. Disclosures under ¶ 8.b.(iv)-(vi) are not required for in-house counsel designated under ¶¶ 6.a.(4) and 7.a.

c.      Any other party shall be entitled to object to such disclosure to an expert, consultant or in-house counsel or technical person within ten (10) business days after service of the declaration by stating specifically in writing the reasons why that party objects to such disclosure.

d.      In the event of such an objection, no disclosure of Confidential Information shall be made to any expert, consultant or in-house counsel or technical person for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made to such expert, consultant or in-house counsel or technical person, or be made only under certain conditions. The objecting party shall seek, pursuant to the Court's Scheduling Order, to have the dispute heard by the Court as soon as practicable. If no such motion is made in such time and manner, Confidential Information may be disclosed to such expert, consultant or in-house counsel or technical person for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert, consultant or in-house counsel or technical person until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

11

9.   **USE OF CONFIDENTIAL INFORMATION GENERALLY**

a.    Confidential Information disclosed pursuant to this Protective Order shall be protected from any unauthorized or unrelated use, and shall be used only for purposes of this action and the related actions of *Monsanto Co. v. Syngenta Seeds, Inc.,* Civ. No. 04-305 (SLR) (D. Del. filed May 12, 2004) and *Syngenta Seeds, Inc. v. Monsanto Co.,* Civ. No. 04-908 (SLR) (D. Del. filed July 28, 2004). The use and disclosure of such Confidential Information in this litigation shall be subject to this Order, and its use and disclosure in Civil Action Nos. 04-305 and 04-908 shall be subject to the applicable protective orders in those cases.

b.    The parties agree that all information designated as confidential by any of DEKALB, Monsanto, Ciba-Geigy Corp., and Northrup King Co. in *DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l, Inc. et al.,* Civil Action Nos. 96 C 50112, 96 C 50013, 96 C 50114, 96 C 50169, 96 C 50239, 96 C 50240, 96 C 50241, 96 C 50284, 96 C 50288, 96 C 50289, 96 C 50290 and 98 C 50186, can be used by either party as if it was produced in this action, and shall be treated as confidential under this Protective Order and at the corresponding level of confidentiality (CONFIDENTIAL or RESTRICTED CONFIDENTIAL).

c.    The parties agree that all information designated as confidential by any of Syngenta Seeds, Inc., Monsanto and DEKALB in *Syngenta Seeds, Inc. v. Monsanto Company; et al.,* Civil Action No. 02-1331 (SLR) can be used by either party as if it was produced in this action, and shall be treated as confidential under this Protective Order and at the corresponding level of confidentiality (CONFIDENTIAL or RESTRICTED CONFIDENTIAL).

d.    The parties agree that all information designated as confidential by any of Novartis Seeds, Inc., Monsanto and DEKALB in *Novartis Seeds, Inc. v. Monsanto Company,* Civil Action 97-39-RRM and *Novartis Seeds, Inc. v. DeKalb Genetics Corp.,* Civil Action 97-40-RRM can be used by either party as if it was produced in this action, and shall be treated as

12

confidential under this Protective Order and at the corresponding level of confidentiality (CONFIDENTIAL or RESTRICTED CONFIDENTIAL).

e.    The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with or violation of this Protective Order.

f.    The recipient of any Confidential Information that is provided under this Protective Order shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but in no event less than reasonable care.

g.    Other Proceedings. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 10.    USE OF CONFIDENTIAL INFORMATION IN CONDUCT OF THIS ACTION

a.    Confidential Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order.

b.    At any deposition session, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," or when counsel for a person (party or nonparty) deems that the answer to a question may result in the disclosure of Confidential Information of his or her client within the meaning of this Protective Order,

13

counsel for the person whose information is involved, at his or her option, may direct that the question and answer be transcribed separately from the remainder of the deposition and be placed in a sealed envelope marked in the manner set forth in ¶ 10.d. hereof.  When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in ¶¶ 6-8 hereof, and the information contained therein shall not be used for any purpose other than as provided in this Protective Order.   Counsel for the person whose Confidential Information is involved may also request that all persons other than the reporter, counsel and individuals authorized under ¶¶ 6-8 hereof leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

     c.    Notwithstanding the parties' designation of Confidential Information, any court hearing which refers to or describes Confidential Information shall in the Court's discretion be held in open court with records unsealed unless there is a specific showing under law that confidentiality is required.  The disclosing party has the option to request that the proceeding shall be conducted *in camera*, out of the presence of all unqualified persons, and any transcript relating thereto shall, subject to the Court's approval, be designated as confidential.

     d.    All information designated as Confidential Information which is filed or lodged with the Court shall be filed or lodged in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein.  The cover page shall include the words "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" as appropriate and a legend substantially in the following form:

              This sealed container filed in this case DEKALB GENETICS CORPORATION v. SYNGENTA SEEDS,

INC. et. al., C.A. No. 04 C 50323, contains confidential materials generally identified as ["CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL"] pursuant to the Protective Order in this case. This envelope shall not be opened nor the contents thereof revealed except by the Court, including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside.

If the Court clerk shall refuse to lodge or file a sealed pleading or memorandum, the party attempting to file or lodge the pleading or memorandum shall not be prejudiced from refiling an unsealed version of the pleading or memorandum as soon as reasonably practicable, and seeking to have such pleading or memorandum sealed through a motion. Upon default of the filing or lodging party to properly designate Confidential Information and file or lodge such information in accordance with this Protective Order, any party who in good faith believes that designation and filing under seal is required may do so within ten (10) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties.

e.    In the event that any Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its Confidential Information status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## 11.    PARTY'S OWN INFORMATION

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party or from a nonparty. A party is free to do whatever it desires with its own Confidential Information.

12.   **PERMISSIBLE DISCLOSURE**

a.    Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in this lawsuit and designated as Confidential Information.

b.    Nothing in this Protective Order shall preclude any party to the lawsuit or its attorney (a) from showing a document designated as Confidential Information to an individual who prepared or received a document, (b) from disclosing or using, in any manner or for any purpose in this litigation, the party's own information or documents which the party itself has designated as Confidential Information, or (c) from showing a document designated as Confidential Information by a producing party to an individual who is a current employee, officer, director or witness testifying on behalf of the producing party.

13.   **RENDERING ADVICE TO CLIENTS**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Information produced by another party if that disclosure would be contrary to the terms of this Protective Order. Further, nothing in this Protective Order prevents any outside attorney from advising his/her clients regarding general patent strategy in the area of herbicide resistant crops as long as

16

the attorney does not disclose the contents of any Confidential Information if that disclosure would be contrary to the terms of this Protective Order.

**14.   NO WAIVER**

Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party. The procedures set forth herein shall not affect the rights of parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

**15.   NO PROBATIVE VALUE**

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of:  (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that information has been designated "CONFIDENTIAL" or "RESTRICTED

CONFIDENTIAL" under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

16.   **TERMINATION OF LITIGATION**

a.   Within 30 days of the final disposition of the above-entitled case, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record:

(1)   Shall destroy or return to the producing party, or its attorney of record, materials produced or designated as Confidential Information in their possession, custody or control or in the possession, custody or control of their staff;

(2)   Shall insure that all the materials produced or designated as Confidential Information in the possession, custody or control of their experts and consultants is destroyed, or returned to the producing party or its attorney of record;

(3)   Shall deliver to the producing party, or its attorney of record, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the producing party may make application to the Court for such further order as may be appropriate.

b.   Notwithstanding the foregoing, one designated outside attorney of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties to this action, written response to a discovery request, document

filed with the Court, and court transcript in this action, consisting of or containing Confidential Information.

**17.    ENFORCEMENT OF THIS PROTECTIVE ORDER**

This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this action.

**18.    MODIFICATION OF THIS PROTECTIVE ORDER**

a.    This Protective Order is without prejudice to the right of any producing party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

b.    In the event any party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said party shall make such request in the form of a written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

STIPULATED AND AGREED TO:

WILLIAMS & MCCARTHY

Dated: January 31, 2005

John J. Holevas
Illinois Bar No. 06193197
321 West State Street
Rockford, IL   61101
(815) 987-8900

19

HOWREY SIMON ARNOLD & WHITE, LLP

Dated: January 28, 2005

*Thomas A. Miller*

John F. Lynch
Thomas A. Miller
Susan K. Knoll
750 Bering Drive, #400
Houston, Texas 77057
(713) 787-1400

**ATTORNEYS FOR PLAINTIFF
DEKALB GENETICS CORPORATION**

CASSIDAY, SCHADE & GLOOR, LLP

Dated: January __, 2005

David C. Van Dyke
20 N. Wacker Drive
Suite 1040
Chicago, IL 60606

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

Dated: January 27, 2005

Don O. Burley
Michael J. Flibbert
Howard W. Levine
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

**COUNSEL FOR DEFENDANTS
SYNGENTA SEEDS, INC. AND
SYNGENTA BIOTECHNOLOGY, INC.**

20

IT IS HEREBY SO ORDERED.

Dated: 2/4/08

Honorable JUDGE PHILIP G. REINHARD
United States District Judge

MAG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| DEKALB GENETICS CORPORATION, | Civil Action No. 04 C 50323 |
| Plaintiff, | |
| v. | |
| SYNGENTA SEEDS, INC. and SYNGENTA BIOTECHNOLOGY, INC., | Judge Philip G. Reinhard |
| Defendants. | Magistrate Judge P. Michael Mahoney |

I, _____, declare that:

1. My address is _____

_____, and the name and address of my present employer is _____

_____.

2. My present occupation or job description is _____

_____.

3. In addition to my other job functions, I am working as a consultant to _____

_____.

4. My relationship to plaintiff/defendant is _____

_____.

5. I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

6. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order in violation thereof.

7.      I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all confidential documents and things which come into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

8.      I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

9.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 200__, at _____, in the State of _____.


By:_____
                    (SIGNATURE)