UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | ORAL ARGUMENT REQUESTED |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JC ROBINSON'S MOTION TO DISMISS IT FOR
## LACK OF PERSONAL JURISDICTION

Defendant JC Robinson Seeds, Inc. respectfully moves pursuant to Fed. R. Civ. P.

12(b)(2) to dismiss this civil action against it for lack of personal jurisdiction.

A memorandum in support of the present motion is attached.

Respectfully submitted,

CASSIDAY, SCHADE & GLOOR

David C. Van Dyke
Attorney No. 6204705
Ronald D. Fiet
Attorney No. 6230902
20 N. Wacker Dr.
Suite 1040
Chicago, Illinois 60606
(312) 641-3100

865753v1

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C.  20005-3315
(202) 408-4000

Attorneys for JC Robinson Seeds, Inc.

Dated:  March 10, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | ORAL ARGUMENT REQUESTED |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF JC ROBINSON'S MOTION
TO DISMISS IT FOR LACK OF PERSONAL JURISDICTION**

**I.     INTRODUCTION**

Defendant JC Robinson Seeds, Inc. ("JC Robinson") submits this memorandum in

support of its motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss this civil action against it for

lack of personal jurisdiction.  As established in the accompanying Declaration of Rob Robinson

(Exh. A), JC Robinson simply does not have the requisite "minimum contacts" with Illinois to

establish specific jurisdiction.  With respect to the "GA21" corn products that are the subject of

this patent lawsuit, Mr. Robinson's declaration establishes that JC Robinson has not made, used,

sold, or offered for sale any GA21 corn products in Illinois, and that JC Robinson has not

imported any GA21 corn products into the State of Illinois.  Moreover, JC Robinson clearly does

not have the necessary "continuous and systematic" contacts with Illinois to establish general

jurisdiction. JC Robinson is a Nebraska corporation located in Waterloo, Nebraska, and the company is not registered to do business in Illinois and transacts no retail business in Illinois.

Indeed, plaintiff DeKalb's First Amended Complaint identifies *no basis* for personal jurisdiction over JC Robinson. The closest DeKalb comes is in the "Parties" section of the complaint. There, DeKalb mentions JC Robinson's ownership of some stock in Golden Harvest Seeds, Inc. (a Delaware corporation formerly located in Bloomington, Illinois), as well as JC Robinson's affiliation with the "Golden Harvest" group of seed companies. But, as developed in more detail below, DeKalb's allegations of stock ownership and corporate affiliations are insufficient as a matter of law to establish personal jurisdiction. *See, e.g., Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("We join other courts in finding that stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact.").

Accordingly, for these and other reasons set forth below, the Court should grant JC Robinson's motion to dismiss it for lack of personal jurisdiction.

## II.     STATEMENT OF FACTS

On January 27, 2005, DeKalb filed a First Amended Complaint against defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Co., L.L.C., Sommer Bros. Seed Co., Thorp Seed Co., and JC Robinson, alleging that they infringed U.S. Patents Nos. 5,538,880 and 6,013,863, collectively referred to as the "Lundquist" patents.

The Lundquist patents are directed to processes for transforming corn with a gene such that the corn becomes herbicide resistant. DeKalb alleges that the defendants infringe the Lundquist patents by selling a specific type of corn product, referred to as "GA21" corn. DeKalb's First Amended Complaint is silent with respect to any alleged factual basis for

2

personal jurisdiction (general or specific) over any party, including JC Robinson. FAC, ¶¶ 12-13. Rather, the "Jurisdiction and Venue" section of the First Amended Complaint simply alleges that venue is proper in this Court, with no supporting factual allegations. *Id.*

JC Robinson (one of the named defendants), however, has not made, used, sold, or offered for sale any GA21 corn products in Illinois, nor has JC Robinson imported any GA21 corn products into the State of Illinois. Exh. A, ¶ 16.[1] Indeed, JC Robinson does not have any meaningful contact with the State of Illinois. JC Robinson is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business located at 100 JC Robinson Blvd., Waterloo, Nebraska 68069. *Id.*, ¶ 3. JC Robinson is not registered or licensed to do business in Illinois, does not have a registered agent for service of process in Illinois, does not transact or solicit any retail business in Illinois, and has paid no income or payroll taxes in Illinois. *Id.*, ¶¶ 4-5, 13-14. JC Robinson also does not manufacture, advertise, or sell any products in Illinois, and does not conduct any research or development in the state. *Id.*, ¶¶ 6, 12. JC Robinson has no plants, offices, facilities, employees, property, bank accounts, addresses, telephone listings, or post office boxes in Illinois. *Id.*, ¶¶ 7-9, 11. No equipment owned by JC Robinson is used, maintained, leased, or placed in Illinois. *Id.*, ¶ 10.

JC Robinson does own a twenty-percent interest in Golden Harvest Seeds, Inc., a Delaware corporation formerly located in Bloomington, Illinois. *Id.*, ¶ 15. In addition to JC Robinson, defendants Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, and Thorp Seed Co., each also owns a twenty-percent interest in Golden Harvest

---

[1] Exh. A is the declaration of Mr. Rob Robinson. Mr. Robinson was the Executive Vice President of JC Robinson and presently serves as a Joint Operating Head of Golden Harvest.

Seeds, Inc. *Id.* Through their common ownership of Golden Harvest Seeds, Inc., the five companies are affiliated and known as "Golden Harvest." *Id.*

Golden Harvest Seeds, Inc. performs certain administrative functions for the Golden Harvest affiliates in order to better coordinate their activities. *Id.* It does *not*, however, assist JC Robinson in the marketing of any products in Illinois. *Id.* Golden Harvest Seeds, Inc. had an office in Bloomington, Illinois with about two full-time employees, but that office closed in August 2004. *Id.*

## III.   ARGUMENT

### A.   Legal Standards for Personal Jurisdiction

Before a court may exercise personal jurisdiction over an out-of-state defendant, the defendant must be amenable to service in the forum state, and the court's exercise of personal jurisdiction over the defendant must comport with federal due process requirements. *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000). Because Illinois permits service of process to the extent permitted by due process, *see* 735 ILCS 5/2-209(c), the due process inquiry is determinative here of JC Robinson's motion to dismiss. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).

The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over the defendant. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). In determining whether the plaintiff has made the necessary showing, a court may consider affidavits and exhibits submitted by the parties. *See Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). The facts alleged in the complaint are taken as true unless controverted by the affidavits or evidence submitted by the defendant. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988).

4

There are two types of personal jurisdiction: specific and general. Specific jurisdiction can be asserted when the cause of action "arises out of" or "relates to" the defendant's contacts with the forum state, even if the defendant's contacts with the state have been isolated and sporadic. *Burger King Corp. v.. Rudzewicz*, 471 U.S. 462, 472-73 (1985). For specific jurisdiction, due process permits a court to exercise personal jurisdiction over a defendant only if it has certain "minimum contacts" with the state "such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Once these minimum contacts are found, they are considered along with other factors to ascertain whether personal jurisdiction over the defendant would comport with traditional notions of "fair play and substantial justice." *International Shoe*, 326 U.S. at 320.

In contrast, general jurisdiction can be asserted only if the defendant is domiciled in the forum state or when the defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

**B.    This Court Lacks Specific Jurisdiction Over JC Robinson**

With respect to the GA21 corn products that are the subject of this patent lawsuit, the facts set forth above (established by Mr. Robinson's declaration) establish that JC Robinson has not made, used, sold, or offered for sale any GA21 corn products in Illinois, and that JC Robinson has not imported any GA21 corn products into the State of Illinois. *See* § II, *infra*; *see also* 35 U.S.C. § 271 (statute defining acts that may constitute patent infringement). Indeed, DeKalb's complaint does not even attempt to provide a jurisdictional basis for the suit against JC Robinson. Accordingly, JC Robinson lacks the requisite "minimum contacts" with the State of Illinois. *See World-Wide Volkswagen*, 444 U.S. at 297 (1980); *International Shoe*, 326 U.S. at

5

320. Further, given the absence of any relevant business activities by JC Robinson in Illinois, asserting personal jurisdiction over JC Robinson would not comport with traditional notions of "fair play and substantial justice." *International Shoe*, 326 U.S. at 320. Accordingly, this Court lacks specific jurisdiction over JC Robinson. *See id.*

### C. This Court Lacks General Jurisdiction Over JC Robinson

The above facts also demonstrate that JC Robinson does not have the necessary "continuous and systematic" contacts with Illinois to establish general jurisdiction. JC Robinson is a Nebraska corporation located in Nebraska. *See* § II, *infra*. JC Robinson is not registered or licensed to do business in Illinois, does not have a registered agent for service of process in Illinois, does not transact or solicit any retail business in Illinois, and has paid no income or payroll taxes in Illinois. *Id.* JC Robinson also does not manufacture, advertise, or sell any products in Illinois, and does not conduct any research or development in the state. *Id.* JC Robinson has no plants, offices, facilities, employees, property, bank accounts, addresses, telephone listings, or post office boxes in Illinois, and no equipment owned by JC Robinson is used, maintained, leased, or placed in Illinois. *Id.*

### D. JC Robinson's Affiliation with the Golden Harvest Companies Does Not Provide This Court with Jurisdiction

JC Robinson's affiliation with the Golden Harvest group of companies and partial ownership of Golden Harvest Seeds, Inc. are insufficient as a matter of law to establish personal jurisdiction over JC Robinson in Illinois. *See, e.g., Central States, Southeast and Southwest Areas Pension Fund*, 230 F.3d at 943. In fact, "there are serious due process concerns associated with exercising personal jurisdiction over a company based solely on its corporate affiliations." *Daron Hill v. Shell Oil Co.*, 149 F. Supp. 2d 416, 418 (N.D. Ill. 2001).

According to Seventh Circuit law, "constitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Central States, Southeast and Southwest Areas Pension Fund*, 230 F.3d at 943. As such, this Court has consistently held that mere corporate relationships, such as those between a parent corporation and its subsidiary or sister corporations with a common corporate parent, do not confer personal jurisdiction. *See, e.g., Recycling Sci. Int'l, Inc. v. Soil Restoration and Recycling, L.L.C.*, No. 00 C 0311, 2001 U.S. Dist. LEXIS 3406, at *19-22 (N.D. Ill. Mar. 13, 2001); *IGT Reprotest BV v. Testprint BV*, No. 00 C 3972, 2000 U.S. Dist. LEXIS 16905, at *2-4 (N.D. Ill. Nov. 15, 2000). Although facts sufficient to pierce the corporate veil, including the absence of separate corporate records, failing to observe corporate formalities, siphoning of funds and exercising a high degree of control, may establish personal jurisdiction based on a corporate relationship, no such facts are alleged here. *See* FAC, ¶¶ 1-26; *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, No. 00 C 2447, 2003 U.S. Dist. LEXIS 11488, at *8-15 (N.D. Ill. July 2, 2003).

## IV.   CONCLUSION

Thus, for all the above reasons, JC Robinson respectfully requests that the Court dismiss this action with respect to it for lack of personal jurisdiction.

Respectfully submitted,

CASSIDAY, SCHADE & GLOOR

_____
David C. Van Dyke
Attorney No. 6204705
Ronald D. Fiet
Attorney No. 6230902
20 N. Wacker Dr.
Suite 1040
Chicago, Illinois 60606
(312) 641-3100

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000

Attorneys for JC Robinson Seeds, Inc.

Dated:  March 10, 2005

CASE NO. _____

ATTACHMENT NO. _____

TAB DESCRIPTION _____

EXHIBIT _____A_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF ROB ROBINSON

1.     I, Rob Robinson, have served as Executive Vice President of JC Robinson Seeds, Inc. ("JC Robinson"), a Defendant named in this action. I presently serve as a Joint Operating Head of Golden Harvest, a group of five affiliated seed companies consisting of Defendants Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson.

2.     I am executing this declaration in support of the motion by JC Robinson to dismiss this action as to JC Robinson for lack of personal jurisdiction. In preparing this declaration, I have relied on my personal knowledge of the organization, structure, and business operations of JC Robinson and the contacts, if any, that JC Robinson has had with the State of Illinois. I have also spoken with other JC Robinson employees who are knowledgeable about JC Robinson's organization, structure, business operations, and contacts, if any, with Illinois. As a

result, the facts set forth below relating to these matters are true and complete to the best of my knowledge.

3.  JC Robinson is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business located at 100 JC Robinson Blvd., Waterloo, Nebraska 68069.

4.  JC Robinson is not registered or licensed to do business in the State of Illinois.

5.  JC Robinson does not transact or solicit any retail business in the State of Illinois.

6.  JC Robinson does not manufacture, advertise, or sell any products in the State of Illinois.

7.  JC Robinson has no plants, offices, or other facilities in the State of Illinois.

8.  JC Robinson has no employees in the State of Illinois.

9.  JC Robinson owns no property in the State of Illinois.

10.  No equipment owned by JC Robinson is used, maintained, leased, or placed in the State of Illinois.

11.  JC Robinson has no bank accounts, addresses, telephone listings, or post office boxes in the State of Illinois.

12.  JC Robinson does not engage in any research or development in the State of Illinois.

13.  JC Robinson has paid no income taxes or payroll taxes in the State of Illinois.

14.  JC Robinson has no registered agent for service of process in the State of Illinois.

15.  Defendants Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson together comprise a group of affiliated seed companies known as "Golden Harvest." Each of these five affiliates owns a 20% interest in

2

Golden Harvest Seeds, Inc. ("Golden Harvest Seeds"), a Delaware corporation formerly located in Bloomington, Illinois. Golden Harvest Seeds performs certain administrative functions for the Golden Harvest affiliates in order to better coordinate their activities; however, it does not assist JC Robinson in marketing any products in the State of Illinois. Golden Harvest Seeds had an office in Bloomington, Illinois with about two full-time employees; that office was closed in August 2004.

16.    I understand that GA21 corn products are the subject of this patent lawsuit. JC Robinson has not made, used, sold, or offered for sale any GA21 corn products in the State of Illinois, nor has JC Robinson imported any GA21 corn products into the State of Illinois.

17.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on this _5th_ day of _March_____, 2005.

Rob Robinson