UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | ORAL ARGUMENT REQUESTED |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SYNGENTA'S MOTION TO WITHDRAW ITS MOTION TO DISMISS
AND PURSUE ITS TRANSFER MOTION**

Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology Inc. (collectively "Syngenta") respectfully move to withdraw Syngenta's Motion to Dismiss and request that this Court act on "Syngenta's Contingent Motion to Transfer," filed November 12, 2004, and transfer the above-captioned case to the United States District Court for the District of Delaware.

A memorandum in support of the present motion is attached.

865718v1

Respectfully submitted,

CASSIDAY SCHADE & GLOOR

_____
David C. Van Dyke
Attorney No. 6204705
Ronald D. Fiet
Attorney No. 6230902
20 N. Wacker Dr.
Suite 1040
Chicago, Illinois 60606
(312) 641-3100

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Defendants

Dated: March 10, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | ORAL ARGUMENT REQUESTED |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF SYNGENTA'S MOTION TO WITHDRAW
ITS MOTION TO DISMISS AND PURSUE ITS TRANSFER MOTION**

Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology Inc. (collectively "Syngenta") respectfully move to withdraw Syngenta's Motion to Dismiss and request that this Court act on "Syngenta's Contingent Motion to Transfer," filed November 12, 2004, and transfer the above-captioned case to the United States District Court for the District of Delaware.

On September 20, 2004, Syngenta moved to dismiss the complaint of plaintiff DeKalb Genetics Corporation ("DeKalb"). The basis for Syngenta's motion was, *inter alia*, that DeKalb had failed to allege in the complaint that Syngenta actually practiced the claimed processes of the patents DeKalb accused Syngenta of infringing, U.S. Patents Nos. 5,538,880 and 6,013,863 (collectively "the Lundquist patents").

On November 12, 2004, Syngenta filed "Syngenta's Contingent Motion to Transfer." There, Syngenta said that if the Court declined to dismiss this case, it should transfer it to the

865358v1

District of Delaware, where a closely related patent case brought by Monsanto (DeKalb's corporate parent) is being litigated by the parties. Indeed, the accused product (glyphosate-resistant "GA21" corn) in both this action and the Delaware action is the same, there are overlapping factual and legal issues, the principal attorneys in both actions are the same, and (maybe most importantly) Monsanto voluntarily chose to bring the Delaware action first. Thus, Syngenta asserted that transferring the present action to Delaware would conserve judicial resources (and those of the parties), as well as avoid the possibility of inconsistent rulings on the substantive patent infringement and validity issues. Syngenta, however, made its motion "contingent" because of its previously filed motion to dismiss DeKalb's complaint.

On January 27, 2005, DeKalb filed its First Amended Complaint, in which DeKalb added additional parties as defendants[1] and revised its infringement allegations to assert that Syngenta had practiced the processes claimed in the Lundquist patents. In addition, DeKalb responded to Syngenta's contention interrogatories on January 24, 2005, asserting in its answers that Syngenta had infringed certain process claims of the Lundquist patents. In its interrogatory answers, however, DeKalb failed to even allege that Syngenta had performed *the first three steps* of each process claim. While Syngenta thus believes that DeKalb's infringement position is fatally deficient as a matter of law,[2] Syngenta will reserve its arguments for summary judgment. Thus, Syngenta will answer DeKalb's First Amended Complaint.

---

[1] Monsanto added as defendants Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc. Monsanto also added these same parties as defendants to the related Delaware patent action.

[2] *See, e.g., Canton Bio-Medical, Inc. v. Integrated liner Tech., Inc.*, 216 F.3d 1367, 1370 (Fed. Cir. 2000) ("Infringement of process inventions is subject to the 'all elements rule' whereby each of the claimed steps of a patented process must be performed in an infringing process . . . .").

As Syngenta will answer DeKalb's First Amended Complaint, Syngenta asks this Court to treat its motion to dismiss as moot (and withdrawn). At the same time, though, this makes Syngenta's transfer motion ripe for ruling by the Court. Accordingly, Syngenta respectfully requests that this Court grant Syngenta's transfer motion and transfer this case to the District of Delaware. The reasons for transfer are fully set forth in the Memorandum in Support of Syngenta's Contingent Motion to Transfer, filed November 12, 2004, and the Reply Memorandum in Support of Syngenta's Contingent Motion to Transfer, filed January 13, 2005. By separate paper, Defendants Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, and Thorp Seed Co. join in Syngenta's transfer motion.[3]

---

[3] In lieu of answering the First Amended Complaint and moving to transfer, defendant JC Robinson Seeds, Inc. ("JC Robinson"), a Nebraska corporation with its principal place of business in Waterloo, Nebraska, is moving pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss this action with respect to it for lack of personal jurisdiction. The fact that the Court lacks personal jurisdiction over JC Robinson in no way precludes the Court from granting Syngenta's and the remaining Defendants' motions to transfer. *See, e.g., Continental Casualty Co. v. State of New York Mortgage Agency*, No. 94 C 1463, 1994 WL 532271, at *10 (N.D. Ill. Sept. 26, 1994) (dismissing one of three co-defendants for lack of personal jurisdiction, then granting the remaining defendants' motion to transfer the case to the Southern District of New York under 28 U.S.C. § 1404(a)).

3

## Conclusion

This Court should transfer the present action to the District of Delaware.

Respectfully submitted,

CASSIDAY, SCHADE & GLOOR

_____
David Van Dyke
Attorney No. 6204705
Ronald D. Fiet
Attorney No. 6230902
20 N. Wacker Dr.
Suite 1040
Chicago, Illinois 60606
(312) 641-3100

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Defendants

Dated: March 10, 2005

4