UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | ORAL ARGUMENT REQUESTED |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## THE GOLDEN HARVEST COMPANIES' MOTION TO TRANSFER

Defendants Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, and Thorp Seed Co. (collectively "the Golden Harvest companies") respectfully move pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Delaware, where a closely related patent infringement action involving the same allegedly infringing "GA21" corn product is already pending. *See Monsanto Co. v. Syngenta Seeds, Inc.*, No. 04-305-SLR (D. Del. filed May 12, 2004).

The Golden Harvest companies therefore also join in the parallel motion to transfer filed by Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. on November 12, 2004.

A memorandum in support of the present motion is attached.

> Respectfully submitted,
>
> CASSIDAY, SCHADE & GLOOR
>
> _____
> David C. Van Dyke
> Attorney No. 6204705
> Ronald D. Fiet
> Attorney No. 6230902
> 20 N. Wacker Dr.
> Suite 1040
> Chicago, Illinois 60606
> (312) 641-3100

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

> Attorneys for Defendants

Dated:  March 10, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | ORAL ARGUMENT REQUESTED |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF THE GOLDEN HARVEST COMPANIES' MOTION TO TRANSFER

Defendants Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, and Thorp Seed Co. (collectively "the Golden Harvest companies") respectfully move to transfer this action to the District of Delaware and join in the parallel motion to transfer filed by Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. (collectively "Syngenta") on November 12, 2004.

For the reasons set forth in Syngenta's memorandum supporting its motion to transfer (filed November 12, 2004), and Syngenta's reply memorandum supporting same (filed January 13, 2005), the Golden Harvest companies agree that the Court should transfer this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a) in the interest of justice and for the convenience of the parties and witnesses.

To summarize briefly, the parties are involved in two closely related patent litigations concerning glyphosate-resistant "GA21" corn. In the first case, filed on May 12, 2004, Monsanto Company (the parent of Plaintiff DeKalb Genetics Corp.) sued Syngenta in the District of Delaware for infringement of U.S. Patent No. 4,940,835 ("the Shah patent"). The Shah patent relates to a chimeric plant gene adapted to enhance the glyphosate resistance of a plant cell transformed with the gene. Monsanto recently filed a Second Amended Complaint (copy attached as Exhibit A) naming the Golden Harvest companies and JC Robinson Seeds, Inc. ("JC Robinson") as additional defendants in the Delaware litigation.

In the second-filed case (filed on July 27, 2004), pending in this Court, Monsanto (through its wholly owned subsidiary DeKalb) sued Syngenta for infringement of U.S. Patents Nos. 5,538,880 and 6,013,863 (collectively "the Lundquist patents"). The Lundquist patents also relate to glyphosate-resistant plants, and specifically to a process for producing a fertile transgenic *Zea mays* (corn) plant by transforming the plant with a gene that provides glyphosate resistance. DeKalb filed a First Amended Complaint on January 27, 2005, naming the Golden Harvest companies and JC Robinson as additional defendants.

This Court has broad discretion to transfer this action "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In analyzing the transfer issue, the interests of justice consideration "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). Further, there is "a strong policy in favor of transferring a case to the district where a related action is pending." *Keppen v. Burlington N. R.R. Co.*, 749 F. Supp. 181, 184 (N.D. Ill. 1990).

2

The interests of justice here are determinative and strongly favor transferring this case to the District of Delaware. In particular, judicial efficiency would be significantly enhanced by having one court determine the merits of the closely related lawsuits involving the Shah and Lundquist patents. The underlying technology of the Shah and Lundquist patents is the same, the asserted patent claims are similar, the legal issues concerning the infringement and validity of the patents are closely intertwined, and the allegedly infringing product (glyphosate-resistant GA21 corn) is identical in both lawsuits. Trying both actions in the same jurisdiction would conserve judicial resources and eliminate the very real possibility of two courts issuing conflicting decisions concerning the infringement and validity of the patents-in-suit. *Abbott Labs. v. Selfcare Inc.*, No. 98 C 7102, 1999 WL 162805, at *2 (N.D. Ill. Mar. 15, 1999) (granting transfer even though different patents were involved in the transferor and transferee forums, because the cases concerned "the same parties and substantially similar technology" and to avoid conflicting rulings); *see also Ellis Corp. v. Jensen USA, Inc.*, No. 02 C 7380, 2003 WL 22111100, at *2, **3-4 (N.D. Ill. Sept. 9, 2003) (ordering transfer to venue where related patent litigation was already pending); *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, No. 02 C 7491, 2003 WL 22012203, at **4-6 (N.D. Ill. Aug. 22, 2003) (granting transfer in the interest of justice to venue where related patent case was pending).

Further, the parties would likely go to trial sooner in Delaware, as the Delaware court already has set a trial date of May 30, 2006. *See* Exhibit B (Scheduling Order). Thus, if this case is transferred, the related Shah and Lundquist patent cases would likely be consolidated or at least coordinated under the direction of a single district judge (Chief Judge Robinson) during the discovery, pre-trial, trial, and post-trial phases of the cases. As this Court stated in *Abbott*, consolidation "not only conserves scarce judicial resources, but also reduces the resources

ultimately expended by the litigants." 1999 WL 162805, at *2. Thus, by "preventing duplicative efforts on the part of both the courts and the parties, transfer and subsequent consolidation serve the interests of justice within the meaning of the venue transfer statute." *Id.*

In addition, Chief Judge Robinson recently presided over another patent trial between Syngenta and Monsanto involving plant biotechnology issues (genetically-modified insect-resistant corn). *Syngenta Seeds, Inc. v. Monsanto Co. et al.*, No. 02-1331 (SLR) (D. Del.) (case tried during November-December 2004 and still pending). Indeed, the work of Dr. Ronald C. Lundquist (an inventor of the Lundquist patents at issue here) was the subject of extensive testimony during that trial. *See* Exh. 3 to Syngenta's reply memorandum filed January 13, 2005.

It would also be far more convenient and efficient for the parties to litigate these related patent disputes in one forum, rather than two. Monsanto chose to file the *first* of these related actions in Delaware and cannot dispute that it would be more convenient to litigate both actions in a single jurisdiction rather than two separate jurisdictions. Many of the same witnesses would be expected to testify in the Lundquist and Shah patent cases, and it would be more expeditious for the parties to resolve all of their patent disputes concerning GA21 corn in a single trial rather than in two separate trials, at different times, in different jurisdictions.

Moreover, there is no question that transfer would meet the requirement of section 1404(a) that the action is one that "might have been brought" in the District of Delaware. As noted above, Monsanto has in fact sued Syngenta, the Golden Harvest companies, and JC Robinson in the District of Delaware for infringement of the Shah patent. Indeed, Monsanto asserted in its Second Amended Complaint that venue is proper in Delaware as to all of these defendants. *See* Exh. A, Second Amended Complaint, ¶ 13. None of the defendants in the Delaware action (including JC Robinson) has challenged personal jurisdiction or venue in

4

Delaware. Thus, as Monsanto itself has acknowledged, venue would be proper in the District of Delaware if the Court were to transfer this case to Delaware.

Finally, this Court should transfer the current action as Delaware is the only forum where there is jurisdiction over *all* the named defendants. This Court lacks personal jurisdiction over JC Robinson, one of the defendants added in DeKalb's First Amended Complaint. Defendant JC Robinson is a Nebraska corporation with its principal place of business in Waterloo, Nebraska, and does not have sufficient contacts with Illinois to establish personal jurisdiction. Accordingly, JC Robinson, pursuant to Rule 12(b)(2), is moving to dismiss the action against it for lack of personal jurisdiction. Thus, Delaware is the only forum where there is jurisdiction over all the parties concerning Syngenta and its affiliates' marketing of GA21 corn.[1]

Accordingly, for all the above reasons and those expressed in Syngenta's supporting memoranda, the Court should transfer this action to the District of Delaware.

> Respectfully submitted,
>
> CASSIDAY, SCHADE & GLOOR
>
> _____
> David C. Van Dyke
> Attorney No. 6204705
> Ronald D. Fiet
> Attorney No. 6230902
> 20 N. Wacker Dr.
> Suite 1040
> Chicago, Illinois 60606
> (312) 641-3100

---

[1] The fact that the Court lacks personal jurisdiction over JC Robinson in no way precludes the Court from granting Syngenta's and the remaining Defendants' motions to transfer. *See, e.g., Continental Casualty Co. v. State of New York Mortgage Agency*, No. 94 C 1463, 1994 WL 532271, at *10 (N.D. Ill. Sept. 26, 1994) (dismissing one of three co-defendants for lack of personal jurisdiction, then granting the remaining defendants' motion to transfer the case to the Southern District of New York under section 1404(a)).

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

                         Attorneys for Defendants

Dated:  March 10, 2005

CASE NO. _____

ATTACHMENT NO. _____

TAB DESCRIPTION _____

EXHIBIT _____ A _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY and )
MONSANTO TECHNOLOGY LLC, )
                                      )
        Plaintiffs, )
                                        )
   v. )
                                        )    C.A. No. 04-305 SLR
SYNGENTA SEEDS, INC., )
SYNGENTA BIOTECHNOLOGY, INC., )
GOLDEN HARVEST SEEDS, INC., )    **JURY TRIAL DEMANDED**
GARWOOD SEED CO., )
GOLDEN SEED COMPANY, L.L.C., )
SOMMER BROS. SEED COMPANY, )
THORP SEED CO., AND )
JC ROBINSON SEEDS, INC., )
                                        )
        Defendants. )

## SECOND AMENDED COMPLAINT

Plaintiffs, Monsanto Company and Monsanto Technology LLC (collectively "Monsanto"), file this second amended complaint against Defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds Inc., (collectively "Defendants") and allege as follows:

## THE PARTIES

1.     Plaintiffs Monsanto Company and Monsanto Technology LLC are both corporations organized and existing under the laws of the State of Delaware, with their principal places of business at 800 North Lindbergh Boulevard, St. Louis, Missouri 63167.

2.     On information and belief, Defendant, Syngenta Seeds, Inc. ("Syngenta Seeds"), is a corporation organized and existing under the laws of the State of Delaware, with its offices at 7500 Olson Memorial Highway, Golden Valley, Minnesota 55427.

3.     On information and belief, Defendant, Syngenta Biotechnology, Inc. ("Syngenta Biotechnology"), is a corporation organized and existing under the laws of the State of Delaware, with offices located at 3054 Cornwallis Road, Research Triangle Park, North Carolina 27709-2257.

4.     On information and belief, Defendant Golden Harvest Seeds, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Bloomington, Illinois.

5.     On information and belief, Golden Harvest is an organization consisting of five (5) companies (the "Golden Harvest Companies") related through common ownership of, and financial interest in, Golden Harvest Seeds, Inc.  The Golden Harvest Companies are identified in the following paragraphs 6-10.

6.     On information and belief, Defendant Garwood Seed Co., is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Stonington, Illinois.

7.     On information and belief, Defendant Golden Seed Company, L.L.C. is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business in Cordova, Illinois.

8.     On information and belief, Defendant Sommer Bros. Seed Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Pekin, Illinois.

2

9.    On information and belief, Defendant Thorp Seed Co. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Clinton, Illinois.

10.    On information and belief, Defendant JC Robinson Seeds, Inc. is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Waterloo, Nebraska.

11.    On information and belief, the Golden Harvest Companies are 90% owned by Syngenta or a Syngenta affiliate.

## JURISDICTION AND VENUE

12.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code § 1 et seq.  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

13.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

14.    Plaintiff Monsanto is a leader in the development of crops that have been genetically engineered to express new traits of value to farmers, such as herbicide resistance.  Products developed by Monsanto include corn, soybeans and other crops containing genes that confer resistance to the herbicide glyphosate.  Glyphosate is a commercial herbicide that kills plants by binding to a critical enzyme in the plant called "EPSPS."  Monsanto's glyphosate herbicide is sold under the trademark Roundup® and the genetically engineered products made by Monsanto that have the glyphosate resistance trait are sold under the trademark Roundup Ready®.  Roundup Ready® products have been a recognized commercial success.  Since the introduction of Roundup

Ready® crops in 1996, farmers have consistently increased the number of acres they plant in the United States with Roundup Ready® products.

15.     Recognizing the value of Monsanto's glyphosate resistance technology, Defendants have made, used, sold or offered to sell glyphosate resistant corn products under the name Agrisure GT Advantage and have conspired with others to make glyphosate resistant corn products in violation of Monsanto's patent rights.

## THE INFRINGEMENT

16.     Monsanto realleges and incorporates by reference each of paragraphs 1-15 above as set forth herein.

17.     Monsanto has been the owner of all right, title and interest to and under United States Patent No. 4,940,835 entitled "Glyphosate-Resistant Plants."   U.S. Patent 4,940,835 ("the '835 Patent") was duly and legally issued to Monsanto on July 10, 1990. A copy of the patent is attached as Exhibit 1 to this Complaint.

18.     Defendants do not have any license or other right to practice the claims of U.S. Patent No. 4,940,835.

19.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims of the '835 Patent by at least making, using, selling and/or offering for sale corn products exhibiting resistance to glyphosate herbicides, and will continue to do so unless enjoined by this Court.

20.     Upon information and belief, Defendants have infringed one or more of the claims of the '835 Patent by at least inducing others and contributing to the infringement by others.

21.     Defendants' acts of infringement of the '835 Patent, upon information and belief, have been carried out in deliberate and willful disregard of Monsanto's patent rights.

### JURY DEMAND

22.     Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiffs request a trial by jury.

### PRAYER FOR RELIEF

WHEREBY PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

A.     A judgment that Defendants have infringed the '835 Patent;

B.     A judgment that Defendants have willfully and deliberately infringed the '835 Patent;

C.     A declaration by the Court that any making, using, selling or offering for sale by Defendants of any corn products that are within the scope of the '835 Patent would constitute an act of infringement of the '835 Patent;

D.     A preliminary and final injunction enjoining Defendants and all those in privity with it from infringing, from inducing infringement, and from contributing to the infringement of the '835 Patent by making, using, selling or offering for sale corn products that are within the scope of the '835 Patent;

E.     An award of compensatory and exemplary damages, but not less than a reasonable royalty, resulting from Defendants' infringement, including allowance of multiplied damages based on Defendants' willful and deliberate infringement;

F.     An award of interest, costs, and attorneys' fees; and

G.     Such other and further relief as this Court shall deem just and proper.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

By: _____

Susan K. Knoll
Steven G. Spears
HOWREY SIMON ARNOLD & WHITE, LLP
750 Bering Drive, #400
Houston, Texas 77057
Telephone (713) 787-1400

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone (302) 984-6000

Dated: February 10, 2005

Attorneys for Plaintiffs

668827

CASE NO. _____

ATTACHMENT NO. _____

TAB DESCRIPTION_____

EXHIBIT _____ B _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C. A. No. 04-305 (SLR) |
| SYNGENTA SEEDS, INC. and SYNGENTA BIOTECHNOLOGY, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

## O R D E R

This _4th_ day of ___October___, 2004, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**  The parties exchanged on **September 27, 2004** the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects:  **infringement of U.S. Patent No. 4,940,835; validity of U.S. Patent Nos. 4,940,835 and 5,188,642, including Syngenta's affirmative defenses and counterclaims; damages.**

(b)    All fact discovery shall be commenced in time to be completed by **September 30, 2005.**

(1)    Document production shall be completed on or before **March 18, 2005.**

(2)     Maximum of **25** interrogatories by each party to any other party.

(3)     Maximum of **100** requests for admission by each party to any other party.

(4)     In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(5)     Maximum of **125** hours for fact depositions by plaintiff and maximum of **125** hours for fact depositions by defendants. Each fact deposition other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of **7** hours unless extended by agreement of the parties.

(c)     Expert discovery shall be commenced in time to be completed by **December 9, 2005**.

(1)     Expert reports on issues for which the parties have the burden of proof due **October 17, 2005**. Rebuttal expert reports due **November 14, 2005**.

(2)     Expert depositions to be limited to a maximum of **14** hours unless extended by agreement of the parties.

(3)     All <u>Daubert</u> motions shall be filed on or before **January 11, 2006**.

(d)     Supplementations under Rule 26(e) due **March 18, 2005**.

(e)     **Discovery Disputes**.

(1)     The court shall conduct in-person discovery status conferences on **February 17, 2005** from 4:30 to 5:30 P.M., and on **August 11, 2005** from **4:30** to **5:30 P.M.**, the time to be allocated equally among the parties.

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.     **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **February 14, 2005.**

4.      **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5.      **Claim Construction Issue Identification.**  If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on **December 1, 2005**, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.      **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before **January 11, 2006**.  Briefing shall be pursuant to D. Del. LR 7.1.2  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.   However, Syngenta may file an early motion for summary judgment of patent invalidity on the grounds of nonenablement under 35 U.S.C. § 112.

7.      **Claim Construction.**  Issues of claim construction shall be submitted to the court no later than January **11, 2006**, to be considered by the court in conjunction with the summary judgment motions.

8.      **Hearing.**  The court shall conduct a hearing on summary judgment motions and claim construction on **March 9, 2006 at 3:00 P.M.**

9.    **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)    No telephone calls shall be made to chambers.

(c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail **chambers** at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

10.    **Motions in Limine.** All motions in limine shall be filed on or before **April 27, 2006.** All responses to said motions shall be filed on or before **May 4, 2006.**

11.    **Pretrial Conference.** A pretrial conference will be held on **May 11, 2006** at **3:30 P.M.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

12.    **Trial.** This matter is scheduled for a three week jury trial commencing on **May 30, 2006** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

653675