IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC.,<br>GOLDEN HARVEST SEEDS, INC.,<br>GARWOOD SEED CO.,<br>GOLDEN SEED COMPANY, L.L.C.,<br>SOMMER BROS. SEED COMPANY,<br>THORP SEED CO., AND<br>JC ROBINSON SEEDS, INC.<br><br>    Defendants. | C.A. NO. 04 C 50323<br><br>JURY TRIAL DEMANDED<br><br>Judge Philip G. Reinhard<br><br>Magistrate Judge P. Michael Mahoney |

### DEKALB'S MOTION TO APPOINT ROBERT L. HARMON AS SPECIAL MASTER

**I.    INTRODUCTION**

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, DEKALB Genetics Corporation ("DEKALB") moves this Court to appoint Robert L. Harmon as Special Master to assist the Court with the disposition of summary judgment motions. Mr. Harmon previously served as a Special Master in this Court in litigation brought by DEKALB against Pioneer, Mycogen, and defendant Syngenta's predecessor companies. That litigation involved one of the same patents involved in this case, U.S. Patent No. 5,538,880 ("the '880 patent), and other patents from the same family as the other patent involved in this case, U.S. Patent No. 6,013,863 ("the '863 patent"). As a result, Mr. Harmon is already familiar with the technology involved in this action.

Thomas A. Miller, counsel for DEKALB, has met and conferred with Michael Flibbert, counsel for defendants, regarding the filing of this motion. Mr. Flibbert acknowledged Mr. Harmon's qualifications to serve as a Special Master in this case. Mr. Flibbert indicated that defendants do not oppose the appointment of Mr. Harmon as Special Master but simply view the motion as premature in view of defendants' pending motions to transfer and to dismiss Defendant JC Robinson. DEKALB will demonstrate, however, that this motion is not premature as the deadline for filing summary judgment is only six months away and appointment of a Special Master will not prejudice defendants. Mr. Harmon should be approached now so that he can schedule this case on his calendar, should the court seek to appoint him.

## II. BACKGROUND

DEKALB filed this action alleging infringement of U.S. Patent Nos. 5,538,880 and 6,013,863 on July 27, 2004. In lieu of an answer, Syngenta filed a motion to dismiss on September 21, 2004 and a contingent motion to transfer on November 12, 2004. On March 10, 2005, Syngenta filed a motion to withdraw its motion to dismiss. Syngenta's motion to withdraw was subsequently granted. The motion to transfer remains pending. Also on March 10, co-defendants the "Golden Harvest Companies" filed a motion to transfer, and co-defendant JC Robinson Seeds, Inc. filed a motion to dismiss for lack of jurisdiction. These motions remain pending, although discovery is proceeding. Under the Court's Scheduling Order, dispositive motions must be filed no later than September 30, 2005.

III. ARGUMENT

A. Appointment Of A Special Master Is Proper In This Case

Courts have routinely appointed special masters for the purpose of assisting the court with summary judgment motions involving patent related issues as illustrated by this Court's use of Mr. Harmon in the prior DEKALB cases filed in this Court. Appointment of a Special Master in this case is appropriate and would be of assistance to the Court as in the prior DEKALB cases in view of the complexity and nature of the issues that will likely arise in connection with motions for summary judgment. The patents-in-suit involve complex technology concerning methods for producing transgenic corn plants with herbicide (the '880 patent) or glyphosate (the '863 patent) resistance. DEKALB anticipates that motions for summary judgment will be filed in this case relating to issues of infringement and validity.

B. Mr. Robert L. Harmon Is Highly Qualified To Be Appointed Special Master In This Case

DEKALB proposes that Robert L. Harmon be appointed to serve as a Special Master to make recommendations to the Court on summary judgment motions and on any other specialized matters on which the Court desires his assistance.[1] As the Court will no doubt recall, Mr. Harmon was appointed Special Master by this Court to conduct the *Markman* hearing in *DEKALB Genetics Corp. v. Pioneer Hi-Bred International, Inc., Mycogen Corporation, Ciba Geigy Corporation, and Northrup King Company.*[2] The

---

[1] Because the claims of the '880 patent have been previously construed in detail in the prior litigations in this Court and because most of the claim terms in the '863 patent are identical to the claim terms of the '880 patent, a separate *Markman* hearing is unwarranted in the present litigation. Any new claim construction issues that arise can be determined in the context of summary judgment motion.

[2] U.S. District Court Case Nos. 96 C 50241; 96 C 50114; 96 C 50112; 96 C 50239; 96 C 50113; 96 C 50240; 96 C 50169; 98 C 50186.

"Report and Recommendation of Special Master Regarding Claim Construction" was adopted by the Court in its entirety. Mr. Harmon was also directed by the Court to make recommendations regarding the issues raised in certain pre-trial motions *in limine* and motions for summary judgment in the Mycogen and Pioneer cases.

The prior litigation in which Mr. Harmon served as Special Master involved the same '880 patent at issue here. The specification of the '863 patent-in-suit is identical to that of the '880 patent. In the prior litigation, DEKALB accused defendants of making fertile transgenic corn (albeit different corn products than the products accused of infringement in this case) using DEKALB's patented processes. Thus, Mr. Harmon is very familiar with the subject matter of this litigation.

Mr. Harmon's background also qualifies him to serve as a Special Master in this case. After a two-year clerkship with the Court of Customs and Patent Appeals, Mr. Harmon practiced law for thirty-two years, specializing in litigation on matters related to patents and other intellectual property. He is also the author of several articles and treatises on patent law, including the patent law treatise PATENTS AND THE FEDERAL CIRCUIT. Mr. Harmon has also testified as an expert witness by deposition or at trial on numerous occasions. (*See* Exhibit A, provided by Mr. Harmon at the time of his prior appointment by this Court in 1998)

### C. The Timing Of This Motion Is Proper

Although Syngenta does not oppose the appointment of Mr. Harmon as Special Master in this case, Syngenta views the motion as premature in view of the pending motions to transfer and dismiss. However, the deadline set by this Court for filing summary judgment motions is September 30, only six months away. Accordingly, Mr. Harmon should be approached by the Court as soon as possible to determine his

willingness and availability to serve as Special Master.[3] Approaching Mr. Harmon at this time will provide him with sufficient notice so that he can keep his calendar clear of any conflicts.

Moreover, Syngenta's pending motions present no valid reason to delay the appointment of a Special Master. Even were defendant JC Robinson's motion to dismiss somehow to succeed, the identical patents would still be in issue here. And, even in the event the defendants were to prevail on their motion to transfer, this Court's appointment of a Special Master would have not prejudiced defendants in any way.

Finally, if Mr. Harmon is not available to serve as Special Master, then a process of identifying new candidates must begin. In the prior litigations in this Court involving DEKALB and Syngenta's predecessors, the process of identifying a suitable Special Master (Mr. Harmon) took four months. For this additional reason, the process of identifying a Special Master should begin as soon as possible so that a timely appointment can be made.

---

[3] Monsanto has not contacted Mr. Harmon and therefore does not know whether Mr. Harmon is available to serve as Special Master.

## IV. CONCLUSION

For the foregoing reasons, DEKALB respectfully requests that the Court appoint Robert L. Harmon as a Special Master to provide recommendations on motions for summary judgment and on any other matters on which the Court desires his assistance.

Dated: March 23, 2005

Respectfully submitted,

By _____
John J. Holevas
Illinois Bar No. 06193197
WILLIAMS & MCCARTHY
321 West State Street
Rockford, IL 61101
(815) 987-8900

John F. Lynch
Thomas A. Miller
Susan K. Knoll
Scott W. Clark
HOWREY SIMON ARNOLD & WHITE, LLP
750 Bering Drive
Houston, TX 77057
(713) 787-1400

**ATTORNEYS FOR PLAINTIFF
DEKALB GENETICS CORPORATION**

DM_US\8182128.v1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of **DEKALB'S MOTION TO APPOINT ROBERT L. HARMON AS SPECIAL MASTER** was served this 25 day of March, 2005, via facsimile and overnight delivery to the following:

> David C. Van Dyke, Esq.
> CASSIDAY, SCHADE & GLOOR, LLP
> 20 N. Wacker Drive, Suite 1040
> Chicago, IL 60606
>
> Don O. Burley, Esq.
> FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
> 901 New York Ave, N.W.
> Washington, DC 20001-4413

**COUNSEL FOR SYNGENTA SEEDS, INC. AND SYNGENTA BIOTECHNOLOGY, INC.**

**Exhibit A**

# Robert L. Harmon

<u>Chicago</u>

750 North Rush Street - #2003
Chicago, Illinois 60611
(312) 943-3475 (voicemail)   951-0476 (fax)
E-mail  PTO Expert@aol.com

<u>Wisconsin (Jun-Oct)</u>                          <u>Florida (Jan-May)</u>

P.O. Box 342 (for mail)                         174 Columbus Drive
N4160 Fern Lane, Horseshoe Springs (for courier)   Islamorada, Florida 33036
Oxford, Wisconsin 53952                         (305) 664-9552 (voice & fax)
(608) 586-4217 (voice)  586-4803 (fax)

<u>Personal</u>
Born January 27, 1938 at Saginaw, Michigan
Married (Susan) since 1962, two adult sons

<u>Education</u>
B.S.E.(EE) 1960 - University of Michigan
J.D.(with distinction) 1963 - University of Michigan

<u>Legal Employment</u>
1963-65: Law Clerk to Judge Arthur M. Smith of the U.S. Court of Customs and Patent Appeals
1965-97: Associate & partner, Brinks Hofer Gilson & Lione

<u>Publications</u>
Author, <u>Patents and the Federal Circuit</u> (BNA 4th ed. 1998)
Co-author (with Judge Smith), <u>Patent Law</u> (Overbeck 1964)
Various articles on patent law and flyfishing
Listed in <u>Who's Who in America</u>

<u>Bar Admissions</u>
United States Patent and Trademark Office
District of Columbia, Illinois and Wisconsin state bars; Northern District of Illinois trial bar
United States Supreme Court, Federal Circuit, Court of Federal Claims, various federal district and
regional circuit courts

<u>Practice</u>
Patent infringement litigation and expert witness engagements in various technologies, including machine tools, electronics, communications systems, robotics, automotive and agricultural equipment, genetics, plastics machinery, imaging (ultrasonic, MRI, xray), various medical technologies, well drilling, small appliances, and materials processing. Opinions, counseling, and consulting on patent infringement and validity, reissues, reexaminations, interferences, and complex patent prosecution. Litigation and counseling in others areas, such as unfair competition, trade secrets, antitrust, and licensing. Service as special master, arbitrator, and expert witness.

## PUBLICATIONS OF ROBERT L. HARMON

*Patents and the Federal Circuit* (BNA 4th ed. 1998)

"Five New Rules of Thumb: How the Federal Circuit has Changed the Way Patent Lawyers Advise Clients," *George Mason University Law Review,* Vol. 14, Summer 1992, No. 3, pp. 573-584

Co-author (with John L. Cline) "At the Edge of the Window," *Rod & Reel,* Number 7, March/April, 1980, pp. 41-45

"Direct Infringement of Patents," *Journal of the Patent Office Society,* Dec., 1976, Vol. 58, No. 12, pp. 739-759

Co-author (with Judge Arthur M. Smith), *Patent Law* (casebook) (Overbeck 1964)

"Antitrust and Misuse Implications of the Defined Field License," *Journal of the Patent Office Society,* June, 1963, Vol. 45, No. 6, pp. 463-487

Law Review casenotes at 60 *Michigan Law Review,* pp. 383-387, 668-671, 805-810 (1962)

## CASES IN WHICH ROBERT HARMON TESTIFIED
## BY DEPOSITION OR AT TRIAL WITHIN PRECEDING FOUR YEARS

Goe v. Sanders (D. Utah) – Sep 98(D)
Proshot v. Leading Edge (D. Ariz.) – Sep 98(D)
M&N v. Amhil (M.D. Fla.) – Jul 98(D)
Pipco v. Bridgestone/Firestone (N.D. Ohio) – Apr 98(D)
Antonious v. Spalding (D. Md.) – Feb 98(D), Apr 98(T)
Seiko Epson v. Nukote (C.D. Calif.) - Feb 96(D), Feb 98(D), Mar 98(D)
Prinsco v. Hancor (D. Minn.) – Jan 98(D)
Pitney Bowes v. Hewlett Packard (D. Conn.) – Nov 97(D), Jan 98(D)
Wokas v. Dresser (N.D. Ind.) – Oct 97(D), Oct 97(T)
Augustine v. Gaymar (D. Minn.) - Feb 97(D), Aug 97(T)
Mallinckrodt v. Augustine (E.D. Mo.) - Oct 96(D), Apr 97(D), Aug 97(T)
Soil Teq v. Tyler (D. Minn.) - Apr 97(D)
Clintec v. Baxa (N.D. Ill.) - Sep 96(D), Apr 97 (D)
Arco v. Unocal (C.D. Calif.) - Apr 97(D)
Renishaw v. Marposs (E.D. Mich.) - Dec 95(D), Oct 96(D), Mar 97(T)
Black & Decker v. GSL (E.D. Va.) - Sep 96(D)
RSA v. Cylink (N.D. Cal.) - Sep 96(D)
Universal v. Global Gaming (D. Nev.) - Feb 96(D), Sep 96(T)
Black & Decker v. Coleman (E.D. Va.) - Aug 96(T)
John Crane v. Durametallic (N.D. Ill.) - May 96(D), Jul 96(T)
Flint Ink v. Brower (E.D. Mich.) - Mar 95(D), May 96(T)
Wokas v. Tokheim (N.D. Ind.) - May 96(D)
Riverwood v. Zumbiel (D. Minn.) - Apr 96(D)
Paradigm v. Weber (N.D. Ind.) - Nov 94(D), Feb 96(T)
Atlas v. Ireco v. Hanex (D. Wyo.) - Jan 96(T)
Jackson Jordan v. Leydig (Cook County) - Dec 95(D)
Precor v. Life Fitness (W.D. Wa.) - Nov 95(D)
Fonar v. Hitachi (E.D.N.Y.) - Aug 94(D), Sep 94(D), Oct 94(D), May 95(T)
Insituform v. CAT(S.D. Tex.) - Feb 95(T)
PPG v. Cardinal (W.D. Wis.) - Dec 94(D), Feb 95(T)
Sofamor Danek v. Depuy-Motech (S.D. Ind.) - Nov 94(D), Dec 94(T)
Applied Microsystems v. Eclectek (W.D. Wa.) - Oct 94(D), Nov 94(T)
Hogan v. Ricon (W.D. Wa.) - Sep 94(T)
Mahurkar v. CR Bard (N.D. Ill.) - Nov 93(D), Aug 94(T)
Johnson v. FMC (E.D. Cal.) - May 94(T)
Haden v. TriMark (E.D. Mich.) - Apr 94(T)
Vestar v. Liposome Tech (D. Del.) - Jan 94(D)