# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50323 | **DATE** | 5/19/2005 |
| **CASE TITLE** | DeKalb Genetics Corp. vs. Syngenta Seeds, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants defendants' motion to transfer this case to the United States District Court for the District of Delaware. The motion to appoint a special master is denied as moot.

*Philip G. Reinhard* (signature)

■ [ For further details see text below.]     Notices mailed by judge's staff.

## STATEMENT

Defendants have filed, pursuant to 28 U.S.C. § 1404(a), motions to transfer this patent infringement action to the United States District Court for the District of Delaware where a first-filed, patent infringement case involving the parent company of plaintiff here as well as the same defendants is pending. Plaintiff has objected to the transfer.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any pending action to any other district or division where it might have been brought." The moving party must establish that: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. Clear Lam Packaging, Inc. v. Rock-Tenn Co., No. 02 C 7491, 2003 WL 22012203, * 3 (N.D. Ill. Aug. 22, 2003), citing Coffey v. Van Dorn Iron Works, 796 F. 2d 217, 219 (7th Cir. 1986). The party seeking transfer has the burden of establishing that the transferee forum is clearly more convenient under the circumstances. Clear Lam Packaging, Inc., at * 3.

Here, it is undisputed that venue is proper both here and in Delaware. As for the convenience of the parties and the witnesses, the only point of contention and significance in this case is that plaintiff has chosen this, its home, forum. That factor weights in favor of denying the motion to transfer.

While deference must be given to the plaintiff's choice of forum, the issue of whether a transfer is in the interests of justice may still be determinative in a particular case. Clear Lam Packaging, Inc., at * 4. Generally, related litigation should be transferred to a forum where consolidation is feasible. Clear Lam Packaging, Inc., at * 4.

In this case, the court finds that the issue of the interests of justice weighs heavily in favor of transfer. While the patents at issue in the two cases are not the same, there will be similar issues. Additionally, the alleged infringing activity is the same. While plaintiff makes much of this court's prior experience with one of the patents at issue here, the product of that prior litigation is both readily attainable and understandable by the Delaware court. The court would also note that its prior experience with the '880 patent cases and other

**STATEMENT**

related patent infringement actions that were consolidated for discovery has proved that having one judge oversee related cases can, in this context, facilitate efficient case management and promote expeditious resolution of all cases. Also, the risk of inconsistent rulings will be minimized greatly by litigating in one forum. Further, there will be much overlap in the discovery in both cases. Finally, when such public interest factors as the speed at which the cases gets to trial, the court's familiarity with the applicable law, the desirability of resolving controversies in their locale, and the relation of the community to the occurrence have little, if any, weight in this case. When all these factors are considered, it is clearly more convenient to have this case transferred to the Delaware district court.

      For the foregoing reasons, the court grants defendants' motions to transfer this case to the United States District Court for the District of Delaware. The motion to appoint a special master is denied as moot.