UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., | ) | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| GOLDEN HARVEST SEEDS, INC., | ) | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | ) | |
| GOLDEN SEED COMPANY, L.L.C., | ) | |
| SOMMER BROS. SEED COMPANY, | ) | |
| THORP SEED CO., and | ) | |
| JC ROBINSON SEEDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Syngenta Seeds, Inc., Syngenta Biotechnology Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, and Thorp Seed Co. (collectively "Defendants"),[1] for their Answer to the First Amended Complaint filed by Plaintiff DeKalb Genetics Corporation ("Plaintiff") on January 27, 2005, hereby state as follows:

1.  Defendants admit the allegations of paragraph 1 of the First Amended Complaint.

2.  Defendants admit the allegations of paragraph 2 of the First Amended Complaint.

3.  Defendants admit the allegations of paragraph 3 of the First Amended Complaint.

---

[1] In lieu of answering the First Amended Complaint, Defendant JC Robinson Seeds, Inc. ("JC Robinson"), a Nebraska corporation with its principal place of business in Waterloo, Nebraska, is concurrently moving pursuant to Rule 12(b)(2) to dismiss this action with respect to it for lack of personal jurisdiction.

4. In response to paragraph 4 of the First Amended Complaint, Defendants admit that Defendant Golden Harvest Seeds, Inc. is a corporation organized and existing under the laws of Delaware. Defendants deny the remaining allegations of this paragraph.

5. In response to paragraph 5 of the First Amended Complaint, Defendants admit that each of Defendants Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson (referred to collectively by Plaintiff in its First Amended complaint as "the Golden Harvest Companies") owns a partial interest in Golden Harvest Seeds, Inc. Defendants deny that the names of the Golden Harvest Companies are correctly identified in paragraphs 6-10 of the First Amended Complaint. Defendants deny the remaining allegations of this paragraph.

6. Defendants admit the allegations of paragraph 6 of the First Amended Complaint.

7. Defendants admit the allegations of paragraph 7 of the First Amended Complaint, except that Defendants state that the correct name of this party is "Golden Seed Company, L.L.C."

8. Defendants admit the allegations of paragraph 8 of the First Amended Complaint, except that Defendants state that the correct name of this party is "Sommer Bros. Seed Company."

9. Defendants admit the allegations of paragraph 9 of the First Amended Complaint, except that Defendants state that the correct name of this party is "Thorp Seed Co."

10. Defendants admit the allegations of paragraph 10 of the First Amended Complaint, except that Defendants state that the correct name of this party is "JC Robinson Seeds, Inc."

11. In response to paragraph 11 of the First Amended Complaint, Defendants (a) admit that the First Amended Complaint purports to be an action for patent infringement under 35 U.S.C. § 1 et seq.; and (b) admit that subject matter jurisdiction is proper.

12. In response to paragraph 12 of the First Amended Complaint, Defendants deny that venue in this Court is proper for defendant JC Robinson. Defendants otherwise admit the allegations of this paragraph.

13. In response to paragraph 13 of the First Amended Complaint, Defendants (a) admit that Plaintiff is in the business of developing products, including corn, containing genes that confer resistance to the herbicide glyphosate; (b) admit that glyphosate is a commercial herbicide that kills plants by binding to a critical enzyme in the plant called "EPSPS"; and (c) admit that Monsanto Company sells a glyphosate herbicide under the trademark Roundup® and that the genetically engineered products made by Monsanto Company that have the glyphosate-resistance trait, including DeKalb branded corn, are sold under the trademark Roundup Ready®. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny them.

14. Defendants deny the allegations of paragraph 14 of the First Amended Complaint.

15. Defendants incorporate by reference their replies in paragraphs 1-14 above.

16. In response to paragraph 16 of the First Amended Complaint, Defendants (a) admit that U.S. Patent No. 5,538,880 ("the '880 patent"), entitled "Method for Preparing Fertile Transgenic Corn Plants," and naming Ronald C. Lundquist and David A. Walters as inventors, issued on July 23, 1996; (b) admit that a copy of the '880 patent was attached as Exhibit 1 to the First Amended Complaint; and (c) deny that the '880 patent was duly and legally

3

issued by the U.S. Patent and Trademark Office ("PTO") to Plaintiff. Defendants deny the remaining allegations of this paragraph.

17. Defendants admit the allegations of paragraph 17 of the First Amended Complaint.

18. Defendants deny the allegations of paragraph 18 of the First Amended Complaint.

19. Defendants deny the allegations of paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations of paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations of paragraph 21 of the First Amended Complaint.

22. In response to paragraph 22 of the First Amended Complaint, Defendants (a) admit that U.S. Patent No. 6,013,863 ("the '863 patent"), entitled "Fertile Transgenic Corn Plants," and naming Ronald C. Lundquist and David A. Walters as inventors, issued on January 11, 2000; (b) admit that a copy of the '863 patent was attached as Exhibit 2 to the First Amended Complaint; and (c) deny that the '863 patent was duly and legally issued by the PTO to Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 that the '863 patent issued "from a series of continuation applications relating back to the parent application that led to the '880 patent" and therefore deny this allegation. Defendants deny the remaining allegations of this paragraph.

23. Defendants deny the allegations of paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations of paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations of paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations of paragraph 26 of the First Amended Complaint.

27. Paragraph 27 of the First Amended Complaint does not require an admission or denial by Defendants.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Noninfringement)

28. Defendants' activities within the United States relating to corn products exhibiting resistance to glyphosate herbicides do not, and will not, infringe any valid claim of the '880 patent or the '863 patent.

### Second Affirmative Defense
### (Patent Invalidity)

29. Each claim of the '880 patent and the '863 patent is invalid for failure to satisfy one or more of the requirements of the Patent Laws, 35 U.S.C. § 100 et seq., including the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### JURY DEMAND

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants request a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request judgment against Plaintiff and request that the Court enter an Order providing as follows:

1) dismissing the First Amended Complaint with prejudice;

2) finding that each claim of the '880 patent and the '863 patent is not infringed by Defendants or is invalid;

3) permanently enjoining Plaintiff, its officers, agents, servants, employees, and attorneys, and those other persons or entities in active concert or participation with them, from asserting (either in a lawsuit or in any other manner) that Defendants have infringed any claim of the '880 patent or the '863 patent;

4) finding that this is an "exceptional" case under 35 U.S.C. § 285 and awarding Defendants their reasonable attorney fees and the costs of this action; and

5) granting Defendants such other relief as this Court may deem just.

CASSIDAY, SCHADE & GLOOR

David C. Van Dyke
Attorney No. 6204705
Ronald D. Fiet
Attorney No. 6230902
20 N. Wacker Dr.
Suite 1040
Chicago, Illinois 60606
(312) 641-3100

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Defendants

Dated: March 10, 2005

6

27477/10588/DVD/CMW/JH    ARDC# 6204705

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 50323 |
| | ) | |
| SYNGENTA SEEDS, INC., et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | Magistrate Judge P. Michael Mahoney |

## NOTICE OF FILING

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that we have on March 10, 2005 filed Defendants' Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Inc., Golden Seed Co., L.L.C., Sommer Brothers Seed Co., Inc., and Thorp Seed Co., Inc. Answer to Plaintiff's First Amended Complaint with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which is herewith served upon you.

By: _____
One of the Attorneys for SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., GOLDEN HARVEST SEEDS, INC., GARWOOD SEED CO., INC., GOLDEN SEED CO., L.L.C., SOMMER BROTHERS SEED CO., INC., THORP SEED CO., INC., and J.C. ROBINSON SEED COMPANY

David C. Van Dyke
CASSIDAY, SCHADE & GLOOR, LLP
20 N. Wacker Drive - Ste. 1040
Chicago, Illinois   60606
(312) 641-3100

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn upon oath deposes and states that she served a copy of the foregoing document to whom it is directed by transmitting a copy via facsimile and serving a copy via overnight mail on March 10, 2005.

SUBSCRIBED AND SWORN to before
me this 10th day of March, 2005.

NOTARY PUBLIC

OFFICIAL SEAL
CONSTANCE H. KLAUBA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-12-2007

27477/10588/DVD/CMW/JH

DeKalb Genetics Corporation v. Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Inc., Golden Seed Co., L.L.C., Sommer Brothers Seed Co., Inc., Thorp Seed Co., Inc., and J.C. Robinson Seed Company

## SERVICE LIST

John J. Holevas, Esq.
Williams and McCarthy
321 West State Street
Rockford IL 61101
(815) 987-8900
(815) 968-0019 (Fax)


Thomas A. Miller
Howrey Simon Arnold
 & Whire, LLP
750 Bering Drive
Houston TX 77057
(713) 787-1400
(713) 787-1440 (Fax)


*Of Counsel:*
Don O. Burley
Michael J. Flibbert
Finnegan, Henderson, Farabow
 Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington DC 20001-4413
(202) 408-4000
(202) 408-4400 (Fax)


6696401 DVANDYKE;MPALUMBO