UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SYNGENTA SEEDS, INC., ) <br> SYNGENTA BIOTECHNOLOGY, INC., ) <br> GOLDEN HARVEST SEEDS, INC., ) <br> GARWOOD SEED CO., ) <br> GOLDEN SEED COMPANY, L.L.C., ) <br> SOMMER BROS. SEED COMPANY, ) <br> THORP SEED CO., and ) <br> JC ROBINSON SEEDS, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 04 C 50323 <br><br> Judge Philip G. Reinhard <br><br> Magistrate Judge P. Michael Mahoney |

## JC ROBINSON'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant JC Robinson Seeds, Inc. ("Defendant"), for its Answer to the First Amended Complaint filed by Plaintiff DeKalb Genetics Corporation ("Plaintiff") on January 27, 2005, hereby states as follows:

### THE PARTIES

1. Plaintiff DEKALB Genetics Corporation is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 3100 Sycamore Road, DeKalb, Illinois 60115. DEKALB is a wholly owned subsidiary of Monsanto Company.

   **ANSWER:** Defendant admits the allegations of paragraph 1 of the First Amended Complaint.

2. On information and belief, Defendant Syngenta Seeds, Inc. ("Syngenta Seeds") is a corporation organized and existing under the laws of the State of Delaware, with offices located at 7500 Olson Memorial Highway, Golden Valley, Minnesota 55427.

892169v1

**ANSWER:** Defendant admits the allegations of paragraph 2 of the First Amended Complaint.

3. On information and belief, Defendant Syngenta Biotechnology, Inc. ("Syngenta Biotechnology") is a corporation organized and existing under the laws of the State of Delaware, with offices located at 3054 Cornwallis Road, Research Triangle Park, North Carolina 27709-2257.

**ANSWER:** Defendant admits the allegations of paragraph 3 of the First Amended Complaint.

4. On information and belief, Defendant Golden Harvest Seeds, Inc. is a corporation organized and existing under the laws of the Delaware, with its principle place of business in Bloomington, Illinois.

**ANSWER:** In response to paragraph 4 of the First Amended Complaint, Defendant admits that Defendant Golden Harvest Seeds, Inc. is a corporation organized and existing under the laws of Delaware. Defendant denies the remaining allegations of this paragraph.

5. On information and belief, Golden Harvest is an organization consisting of five (5) companies ("Golden Harvest Companies") related through common ownership of, and financial interest in, Golden Harvest Seeds, Inc. The Golden Harvest Companies are identified in the following paragraphs 6-10.

**ANSWER:** In response to paragraph 5 of the First Amended Complaint, Defendant admits that each of Defendants Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson (referred to collectively by Plaintiff in its First Amended Complaint as "the Golden Harvest Companies") owns a partial interest in Golden Harvest Seeds, Inc. Defendant denies that the names of the Golden Harvest Companies are correctly identified in paragraphs 6-10 of the First Amended Complaint. Defendant denies the remaining allegations of this paragraph.

2

6. On information and belief, Defendant Garwood Seed Co., Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principle place of business in Stonington, Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 6 of the First Amended Complaint.

7. On information and belief, Defendant Golden Seed Co., L.L.C. is a corporation organized and existing under the laws of the State of Illinois, with its principle place of business in Cordova, Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 7 of the First Amended Complaint, except that Defendant states that the correct name of this party is "Golden Seed Company, L.L.C."

8. On information and belief, Defendant Sommer Brothers, Seed Co. is a corporation organized and existing under the laws of the State of Illinois, with its principle place of business in Pekin, Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 8 of the First Amended Complaint, except that Defendant states that the correct name of this party is "Sommer Bros. Seed Company."

9. On information and belief, Defendant Thorp Seed Co., Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principle place of business in Clinton, Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 9 of the First Amended Complaint, except that Defendant states that the correct name of this party is "Thorp Seed Co."

10. On information and belief, Defendant J.C. Robinson Seed Company is a corporation organized and existing under the laws of the State of Nebraska, with its principle place of business in Waterloo, Nebraska.

**ANSWER:** Defendant admits the allegations of paragraph 10 of the First Amended Complaint, except that Defendant states that the correct name of this party is "JC Robinson Seeds, Inc."

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code § 1 et seq. Subject matter jurisdiction is proper under 20 U.S.C. §§ 1331 and 1338.

**ANSWER:** In response to paragraph 11 of the First Amended Complaint, Defendant (a) admits that the First Amended Complaint purports to be an action for patent infringement under 35 U.S.C. § 1 et seq.; and (b) admits that subject matter jurisdiction is proper.

12. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** In response to paragraph 12 of the First Amended Complaint, Defendant admits that venue is proper in this Court with respect to itself based solely on its consent to personal jurisdiction in this Court. Defendant otherwise admits the allegations of this paragraph.

13. Plaintiff DEKALB, a leader in the development of crops that have been genetically engineered to express new traits of value to farmers, such as herbicide resistance, has developed corn containing genes that confer resistance to the herbicide glyphosate. Glyphosate is a commercial herbicide that kills plants by binding to a critical enzyme in the plant called "EPSPS." Monsanto Company sells a glyphosate herbicide under the trademark Roundup®. Genetically engineered products made by Monsanto Company that have the glyphosate resistance trait, including DEKALB branded corn, are sold under the trademark Roundup Ready®. Roundup Ready® products have been a recognized commercial success. Since the introduction of Roundup Ready® crops in 1996, farmers have consistently increased the number of acres they plant in the United States with Roundup Ready® products.

**ANSWER:** In response to paragraph 13 of the First Amended Complaint, Defendant (a) admits that Plaintiff is in the business of developing products,

4

including corn, containing genes that confer resistance to the herbicide glyphosate; (b) admits that glyphosate is a commercial herbicide that kills plants by binding to a critical enzyme in the plant called "EPSPS"; and (c) admits that Monsanto Company sells a glyphosate herbicide under the trademark Roundup® and that the genetically engineered products made by Monsanto Company that have the glyphosate-resistance trait, including DeKalb branded corn, are sold under the trademark Roundup Ready®. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

14. Recognizing the value of DEKALB's glyphosate resistance technology, Defendants have attempted to make, import into the United States, offer to sell, sell, or use within the United States, glyphosate resistant genes and corn and have conspired with others to make, import into the United States, offer to sell, sell, or use within the United States, glyphosate resistant corn under the name Agrisure GT in violation of DEKALB's patent rights.

**ANSWER:** Defendant denies the allegations of paragraph 14 of the First Amended Complaint.

## THE INFRINGEMENT

15. Plaintiff realleges and incorporates by reference each of paragraphs 1-14 above as if set forth herein.

**ANSWER:** Defendant incorporates by reference its replies in paragraphs 1-14 above.

16. DEKALB has been the owner of all right, title and interest to and under United States Patent No. 5,538,880 entitled "Method for Preparing Fertile Transgenic Corn Plants" and naming Ronald L. Lundquist and David A. Walters as inventors. U.S. Patent No. 5,538,880 ("the '880 Patent") was duly and legally issued to DEKALB on July 23, 1996. A copy of the patent is attached as Exhibit 1 to this Complaint.

**ANSWER:** In response to paragraph 16 of the First Amended Complaint, Defendant (a) admits that U.S. Patent No. 5,538,880 ("the '880 patent"), entitled "Method for Preparing Fertile Transgenic Corn Plants," and naming Ronald C. Lundquist and David A. Walters as inventors, issued on July

5

23, 1996; (b) admits that a copy of the '880 patent was attached as Exhibit 1 to the First Amended Complaint; and (c) denies that the '880 patent was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") to Plaintiff. Defendant denies the remaining allegations of this paragraph.

17. DEKALB previously brought actions in 1996 in this Court against two Syngenta predecessor companies, Northrup King Co. (Civil Action No. 96 C 50169) and Ciba-Geigy Corporation (Civil Action No. 96 C 50241), for infringement of the '880 patent. Both actions were resolved and dismissed in 1999, after three years of litigation, including extensive fact and expert discovery and construction of the claims by the Court. That litigation did not involve the Defendants' products that are the subject of this action.

**ANSWER:** Defendant admits the allegations of paragraph 17 of the First Amended Complaint.

18. Defendants do not have any license or other right to practice the claims of U.S. Patent No. 5,538,880 for the products that are the subject of this action.

**ANSWER:** Defendant denies the allegations of paragraph 18 of the First Amended Complaint.

19. Upon information and belief, Defendants have infringed and continue to infringe one or more of claims 1-9 of the '880 Patent by at least making corn containing genes that confer resistance to the herbicide glyphosate and importing into the United States, or offering to sell, selling, or using within the United States, corn containing genes that confer resistance to the herbicide glyphosate made by the process of one or more claims 1-9 of the '880 Patent; and will continue to do so unless enjoined by this Court.

**ANSWER:** Defendant denies the allegations of paragraph 19 of the First Amended Complaint.

20. Upon information and belief, Defendants have infringed one or more of claims 1-9 of the '880 Patent by at least inducing others and contributing to the infringement by others.

**ANSWER:** Defendant denies the allegations of paragraph 20 of the First Amended Complaint.

21. Defendants' acts of infringement of the '880 Patent, upon information and belief, have been carried out in deliberate and willful disregard of DEKALB's patent rights.

**ANSWER:** Defendant denies the allegations of paragraph 21 of the First Amended Complaint.

22. DEKALB has been the owner of all right, title and interest to and under United States Patent No. 6,013,863 entitled "Fertile Transgenic Corn Plants" and naming Ronald C. Lundquist and David A. Walters as inventors. U.S. Patent No. 6,013,863 ("the '863 Patent") was duly and legally issued to DEKALB on January 11, 2000 from a series of continuation applications related back to the parent application that led to the '880 patent. A copy of the patent is attached as Exhibit 2 to this Complaint.

**ANSWER:** In response to paragraph 22 of the First Amended Complaint, Defendant (a) admits that U.S. Patent No. 6,013,863 ("the '863 patent"), entitled "Fertile Transgenic Corn Plants," and naming Ronald C. Lundquist and David A. Walters as inventors, issued on January 11, 2000; (b) admits that a copy of the '863 patent was attached as Exhibit 2 to the First Amended Complaint; and (c) denies that the '863 patent was duly and legally issued by the PTO to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 that the '863 patent issued "from a series of continuation applications relating back to the parent application that led to the '880 patent" and therefore denies this allegation. Defendant denies the remaining allegations of this paragraph.

23. Defendants do not have any license or other right to practice the claims of U.S. Patent No. 6,013,863 for the products that are the subject of this action.

**ANSWER:** Defendant denies the allegations of paragraph 23 of the First Amended Complaint.

24. Upon information and belief, Defendants have infringed and continue to infringe one or more claims of the '863 Patent by at least making corn containing genes that confer

resistance to the herbicide glyphosate and importing into the United States, or offering for sale, selling, or using within the United States, corn containing genes that confer resistance to the herbicide glyphosate made by the process of the '863 Patent; and will continue to do so unless enjoined by this Court.

**ANSWER:** Defendant denies the allegations of paragraph 24 of the First Amended Complaint.

25. Upon information and belief, Defendants have infringed one or more of the claims of the '863 Patent by at least inducing others and contributing to the infringement by others.

**ANSWER:** Defendant denies the allegations of paragraph 25 of the First Amended Complaint.

26. Defendants' acts of infringement of the '863 Patent, upon information and belief, have been carried out in deliberate and willful disregard of the DEKALB's patent rights.

**ANSWER:** Defendant denies the allegations of paragraph 26 of the First Amended Complaint.

### JURY DEMAND

27. Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff requests a trial by jury.

**ANSWER:** Paragraph 27 of the First Amended Complaint does not require an admission or denial by Defendant.

8

## DEFENDANT'S AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Noninfringement)

28. Defendant's activities within the United States relating to corn products exhibiting resistance to glyphosate herbicides do not, and will not, infringe any valid claim of the '880 patent or the '863 patent.

### Second Affirmative Defense
### (Patent Invalidity)

29. Each claim of the '880 patent and the '863 patent is invalid for failure to satisfy one or more of the requirements of the Patent Laws, 35 U.S.C. § 100 et seq., including the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### JURY DEMAND

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests judgment against Plaintiff and requests that the Court enter an Order providing as follows:

1) dismissing the First Amended Complaint with prejudice;

2) finding that each claim of the '880 patent and the '863 patent is not infringed by Defendant or is invalid;

3) permanently enjoining Plaintiff, its officers, agents, servants, employees, and attorneys, and those other persons or entities in active concert or participation with them, from asserting (either in a lawsuit or in any other manner) that Defendant has infringed any claim of the '880 patent or the '863 patent;

4) finding that this is an "exceptional" case under 35 U.S.C. § 285 and awarding Defendant its reasonable attorney fees and the costs of this action; and

5) granting Defendant such other relief as this Court may deem just.

           CASSIDAY, SCHADE & GLOOR, LLP

           _____
           David C. Van Dyke (#6204705)
           Ronald D. Fiet (#6230902)
           20 N. Wacker Dr.
           Suite 1040
           Chicago, Illinois 60606
           (312) 641-3100

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

           Attorneys for Defendants

Dated: May 10, 2005

27477/10588/DVD/CMW/JH ARDC# 6204705

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| DEKALB GENETICS CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04 C 50323 |
| SYNGENTA SEEDS, INC., et al., | ) ) | Judge Philip G. Reinhard |
| Defendants. | ) ) | Magistrate Judge P. Michael Mahoney |

## NOTICE OF FILING

TO: See Attached Service List

**PLEASE TAKE NOTICE** that we have on May 10, 2005 filed JC Robinson's Answer to the First Amended Complaint with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which is herewith served upon you.

By: _____
One of the Attorneys for SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., GOLDEN HARVEST SEEDS, INC., GARWOOD SEED CO., INC., GOLDEN SEED CO., L.L.C., SOMMER BROTHERS SEED CO., INC., THORP SEED CO., INC., and J.C. ROBINSON SEED COMPANY

David C. Van Dyke
Ronald D. Fiet
CASSIDAY, SCHADE & GLOOR, LLP
20 N. Wacker Drive - Ste. 1040
Chicago, Illinois 60606
(312) 641-3100

STATE OF ILLINOIS            )
                             ) SS
COUNTY OF COOK               )

## CERTIFICATE OF SERVICE

    The undersigned, being first duly sworn upon oath deposes and states that she served a copy of the foregoing document to whom it is directed by transmitting a copy via facsimile and serving a copy via overnight mail on May 10, 2005.

*[signature]*

SUBSCRIBED AND SWORN to before
me this 10th day of May, 2005.

*[signature: Jackie Steiner]*
NOTARY PUBLIC

OFFICIAL SEAL
**JACKIE STEINER**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-9-2006

27477/10588/DVD/CMW/JH

DeKalb Genetics Corporation v. Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Inc., Golden Seed Co., L.L.C., Sommer Brothers Seed Co., Inc., Thorp Seed Co., Inc., and J.C. Robinson Seed Company

## SERVICE LIST

John J. Holevas, Esq.
Williams and McCarthy
321 West State Street
Rockford IL 61101
(815) 987-8900
(815) 968-0019 (Fax)


Thomas A. Miller
Howrey Simon Arnold
 & Whire, LLP
750 Bering Drive
Houston TX 77057
(713) 787-1400
(713) 787-1440 (Fax)


*Of Counsel:*
Don O. Burley
Michael J. Flibbert
Finnegan, Henderson, Farabow
 Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington DC 20001-4413
(202) 408-4000
(202) 408-4400 (Fax)


6719746 DVANDYKE;MPALUMBO