IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEKALB GENETICS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. 05-355 (SLR) |
| v. | ) |
| | ) |
| SYNGENTA SEEDS, INC., | ) JURY TRIAL DEMANDED |
| SYNGENTA BIOTECHNOLOGY, INC., | ) |
| GOLDEN HARVEST SEEDS, INC., | ) |
| GARWOOD SEED CO., | ) |
| GOLDEN SEED COMPANY, L.L.C., | ) |
| SOMMER BROS. SEED COMPANY, | ) |
| THORP SEED CO., AND | ) |
| JC ROBINSON SEEDS, INC. | ) |
| | ) |
| Defendants. | ) |

O R D E R

This _____ day of _____, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b). The parties have jointly proposed to consolidate this case with the patent litigation portion of the case styled *Monsanto Company, et al. v. Syngenta Seeds, Inc., et al.*, C.A. No. 04-305 (SLR), D. Del., also currently pending before this Court (hereinafter, the "C.A. No. 04-305 (SLR) (lead case) Litigation"). As such, the parties propose that this Scheduling Order should apply to both this case and the C.A. No. 04-305 (SLR) (lead case) Litigation.

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties exchanged on **December 12, 2004** the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2. **Discovery.**

(a) Discovery will be needed on the following subjects: **infringement of U.S. Patent Nos. 5,538,880 and 6,013,863; validity of U.S. Patent Nos. 5,538,880 and 6,013,863, including Syngenta's affirmative defenses and counterclaims and damages.**

Syngenta proposes that the Court bifurcate any remaining damages discovery, and bifurcate damages issues and issues of willful infringement from the trial. DEKALB opposes this proposal and maintains that all discovery (including damages discovery) should be completed by September 30, 2005.

(b) DEKALB proposes that all fact discovery shall be commenced in time to be completed by **September 30, 2005.**

Syngenta proposes that damages fact discovery should be bifurcated.

(1) Document production by the parties has been completed. The parties continue to respond to additional document requests and inquiries relating to prior document requests.

(2) A collective maximum of **50** interrogatories by each party to any other party for both this case and the C.A. No. 04-305 (SLR) (lead case) Litigation.

(3) A collective maximum of **200** requests for admission by each party to any other party for both this case and the C.A. No. 04-305 (SLR) (lead case) Litigation.

(4) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(5) A collective maximum of **180** hours for fact depositions by plaintiff and a collective maximum of **180** hours for fact depositions by defendants for both this case and the C.A. No. 04-305 (SLR) (lead case) Litigation. Each fact deposition other than those

2

noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of **7** hours unless extended by agreement of the parties.

    (c)    DEKALB proposes that expert discovery be commenced in time to be completed by **December 9, 2005.**

Syngenta proposes that damages expert discovery should be bifurcated.

    (1)    Expert reports on issues for which the parties have the burden of proof due **October 17, 2005.** Rebuttal expert reports due **November 14, 2005.**

    (2)    Expert depositions to be limited to a maximum of **14** hours unless extended by agreement of the parties.

    (3)    All Daubert motions shall be filed on or before **January 11, 2006.**

    (d)    **Discovery Disputes.**

    (1)    The court shall conduct in-person discovery status conferences on **August 11, 2005** from **4:30** to **5:30 P.M.**, and on **September \_\_\_, 2005** from _____, the time to be allocated equally among the parties.

    (2)    The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3)    Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

    (e)    **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it

3

intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **August 9, 2005.**

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on **December 1, 2005,** the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Opinions of Counsel.**

DEKALB proposes that opinions of counsel to be relied upon shall be served on or before August 31, 2005.

Syngenta proposes that any issues concerning willful infringement be bifurcated, and that opinions of counsel not be exchanged until a later date consistent with any trial on willful infringement.

7. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **January 11, 2006.** Briefing shall be pursuant to D.

4

Del. LR 7.1.2 No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

Syngenta proposes that it be allowed to file an early summary judgment motion of non-infringement of the '880 and '863 patents on August 15, 2006. DEKALB opposes Syngenta's filing of this motion.

8.  **Claim Construction.** Issues of claim construction shall be submitted to the court no later than **January 11, 2006,** to be considered by the court in conjunction with the summary judgment motions.

9.  **Hearing.** The court shall conduct a hearing on summary judgment motions and claim construction on **March 9, 2006 at 3:00 P.M.**

10. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

    (a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b)  No telephone calls shall be made to chambers.

    (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail **chambers** at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

11. **Motions in limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

12. **Pretrial Conference.** A pretrial conference will be held on **May 11, 2006** at **3:30 P.M.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

13. **Trial.** The parties have jointly proposed to consolidate this case with the C.A. No. 04-305 (SLR) (lead case) Litigation and therefore propose that the consolidated cases should be tried at the trial setting currently scheduled for the C.A. No. 04-305 (SLR) (lead case) Litigation. Accordingly, the parties propose that the consolidated cases be scheduled for a three week jury trial commencing on **May 30, 2006** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Syngenta proposes that the Court bifurcate damages issues and issues of willful infringement from the trial. DEKALB opposes this proposal.

_____
The Honorable Sue L. Robinson
United States District Judge

692754