IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEKALB GENETICS CORPORATION,           )
                                       )
        Plaintiff,                  )
                                       )
    v.                           )
                                       )
SYNGENTA SEEDS, INC.,                )    C. A. No. 05-355 SLR
SYNGENTA BIOTECHNOLOGY, INC.,     )
GOLDEN HARVEST SEEDS, INC.,       )
GARWOOD SEED CO., GOLDEN SEED    )
COMPANY, L.L.C., SOMMER BROS. SEED )
COMPANY, THORP SEED CO. and        )
JC ROBINSON SEEDS, INC.,           )
                                       )
        Defendants.            )

**NOTICE OF 30(B)(6) DEPOSITION OF DEFENDANTS
CONCERNING BUSINESS AND FINANCIAL TOPICS**

TO:    DEFENDANTS AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiff DEKALB Genetics Corporation ("DEKALB") will take the deposition of defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc. ("Defendants") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will take place at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.'s offices at 901 New York Ave, N.W., Washington, D.C. 20001-4413; Syngenta Seeds' offices at 7500 Olson Memorial Highway, Golden Valley, MN 55427; Syngenta Biotechnology Inc.'s offices at 3054 Cornwallis Road, Research Triangle Park, NC 27709-2257; and/or at another mutually agreed upon location. The deposition will commence on September 5, 2005 at 9:00 a.m. or at another agreed upon date and will

continue thereafter day to day until completed. The subject matter of the deposition is set forth in Attachment A.

Defendants are required to designate, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, one or more officers, directors, employees or other persons who will testify on its behalf regarding the subject matter listed in Attachment A. Defendants are requested to provide DEKALB's counsel, as soon as reasonably possible, a written designation of the name(s) and position(s) of the agent(s) or other person(s) who consent to testify on behalf of Defendants and, for each person designated, the matters set forth in the attached Schedule A as to which he or she will testify.

The deposition will be taken before a qualified Notary Public or before some other officer authorized by law to administer oaths. The deposition will be recorded by audio, video and stenographic means.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Susan K. Knoll
Thomas A. Miller
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
(713) 787-1400

Dated: August 16, 2005

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys For Plaintiff*
*Dekalb Genetics Corporation*

695352

2

## ATTACHMENT A

### Definitions

1.    DEKALB.  For purposes of this notice, the term "DEKALB" means and includes plaintiffs DEKALB Genetics Corporation, and any subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, partners, and fully or partially owned entities of DEKALB and any other entities or persons acting or purporting to act for or on behalf of the foregoing or who are subject to the direction and control of the foregoing, including, without limitation, any present or former agents, employees, officers, directors, insurance companies, attorneys, accountants, investigators and consultants of the foregoing.

2.    DEFENDANTS.  For purposes of this notice, the terms "Defendants," and "you" or "your" shall mean Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc., collectively and individually, as well as corporate parents, subsidiaries, predecessors, affiliates, successors, divisions, departments, other organizational or operational units, officers, directors, employees, agents, servants, representatives, and attorneys.

3.    BAYER.  For purposes of this notice, the term "Bayer" shall mean Bayer CropScience, as well as corporate parents, subsidiaries, predecessors, affiliates, successors, divisions, departments, other organizational or operational units, officers, directors, employees, agents, servants, representatives, and attorneys.

4.    PERSON. For purposes of this notice, the term "person" is defined as any natural person or business, corporation, proprietorship, partnership, association, joint venture, or any other legal or governmental entity.

5.    IDENTIFY. For purposes of this notice, the terms "identify" and "identity" when used in reference to a "person" (as defined above) means to identify the person as fully as possible in order to permit further contact of and discovery relative to the person, such as providing, for example: the person's name; the person's present or last known address and telephone number; the nature of the person (such as whether the person is a corporation, etc.), and, if an individual, the person's place of employment and position. The terms "identify" and "identity" when used in reference to a "document" (as defined above) means to specify the document in sufficient detail to permit Plaintiffs to locate, identify and retrieve the record, which may include, but is not necessarily limited to, stating: its date, or if it bears no date, the date when it was prepared; the name and address of the person or persons who prepared it; and the present location of the document and the name, address, and telephone number of its custodian.

6.    DESCRIBE. For purposes of this notice, the term "describe" means to give a full, frank and accurate account of whatever is the subject of the inquiry.

7.    GLYPHOSATE RESISTANT. For purposes of this notice, the term "glyphosate resistant" shall mean genetically modified with the intent to be glyphosate resistant, regardless of the level of glyphosate resistance or tolerance observed.

8.    GLYPHOSATE RESISTANT GA21 *ZEA MAYS* PLANTS. For purposes of this notice, the term "glyphosate resistant GA21 *Zea mays* plants" shall mean

4

glyphosate resistant GA21 *Zea mays* plants, plant cells, seeds, plant lines, or any other corn products purported to have a glyphosate resistance trait from the GA21 event.

9.    GLYPHOSATE RESISTANT NON-GA21 *ZEA MAYS* PLANTS.   For purposes of this notice, the term "glyphosate resistant non-GA21 *Zea mays* plants" shall mean glyphosate resistant *Zea mays* plants, plant cells, seeds, plant lines, or any other corn products purported to have a glyphosate resistance trait from an event other than the GA21 event.

10.    DERIVATIVE.   For purposes of this notice, the term "derivative" or "derivatives" shall refer to seed obtained from, bred from, having in its lineage, or having as its origin or parentage, a particular identified source.

11.    THE '880 PATENT.   For purposes of this notice, the term "the '880 patent" shall mean U.S. Patent No. 5,538,880.

12.    THE '863 PATENT.   For purposes of this notice, the term "the '863 patent" shall mean U.S. Patent No. 6,013,863.

13.    For purposes of this notice, "relate to" or "relating to" shall mean in any way, directly or indirectly, concerning, regarding, pertaining to, discussing, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, canceling, contradicting or negating, in whole or in part.

14.    For purposes of this notice, references to "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

15.     For purposes of this notice, terms not specifically defined shall be given their ordinary meaning.  Should Defendants be unable to understand the meaning of any term, Defendants are invited to immediately seek clarification through Plaintiffs' counsel.

**Topics for Deposition**

1.    The structure of Defendants' accounting, marketing, and sales organizations, including GreenLeaf Genetics, and the identity of key personnel, management, and corporate officers involved in the sale, marketing, and licensing of herbicide resistant maize plants and seed.

2.    Defendants' licensing of herbicide resistant corn traits and products, including

      a.    The identification of all Defendants' licensees of GA21;

      b.    The identification of all herbicide resistant maize products sold by Defendants and Defendants' licensees of GA21;

      c.    Defendants' licensing policies relating to GA21;

      d.    Defendants' developmental, testing, and commercial agreements relating to GA21, including the terms and conditions of such agreements; and

      e.    License fees, royalty fees, technology fees, seed services fees, and discount fees received or paid by Defendants for GA21 maize products licensed-in or licensed-out.

3.    The date that Defendants first made, used, sold, or offered for sale GA21 maize products that were not licensed from Monsanto.

4.    The date that Defendants purportedly obtained the rights to commercialize GA21.

5.    Defendants' actual and projected revenues (gross and net) and expenses relating to the sale and licensing of GA21.

6.    Actual and projected quantities of GA21 maize products sold by Defendants and Defendants' licensees of GA21.

7.    Defendants' pricing and pricing policies for GA21 maize products, including any discount or rebate programs.

8.    Defendants' efforts to develop or obtain rights to commercialize glyphosate resistant maize plants, including

    a.    The research and development costs incurred by Defendants in the development of glyphosate resistant maize plants, including the "ffybes" events or traits;

    b.    The status of Defendants' research and development of glyphosate resistant maize plants, including the "ffybes" events or traits, currently and prior to Defendants' purported acquisition of GA21;

    c.    The effect of Defendants' purported acquisition of GA21 on Defendants' research and development efforts relating to glyphosate resistant maize products, including any cost savings; and

    d.    Defendants' efforts to obtain licenses from third parties to glyphosate resistant maize.

9.    All financial, sales, and market projections relating to Defendants' sale of glyphosate resistant maize products, including but not limited to projections concerning when Defendants would first be able to sell glyphosate resistant maize products, including "stacked" maize products, and projections concerning the effect of Defendants' ability to sell glyphosate resistant maize products (including "stacked" maize products) on Defendants' sales and market share.

10.    Defendants' advertising, marketing, and promotion of herbicide resistant maize products.

8

11.     Historical and anticipated customer preferences and desired attributes for herbicide resistant maize products, including maize products containing multiple transgenic traits (i.e., "stacked").

12.     Competitive assessments of other companies selling or licensing transgenic maize products, including herbicide resistant maize products.

13.     The utility and advantage of using glyphosate resistant maize products, including GA21, over other forms of weed control, including the use of glufosinate resistant maize products.

14.     The commercial relationship between (a) Defendants and (b) DEKALB and Monsanto Company.

15.     The commercial success of GA21 maize products.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 18, 2005, the attached document

was hand-delivered to the following person(s) and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification of such filing(s) to the following and the

document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| John W. Shaw, Esq.<br>Young Conaway Stargatt & Taylor, L.L.P.<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | George Pazuniak<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 |

I hereby certify that on August 18, 2005, I have Federal Expressed the foregoing

document(s) to the following non-registered participants:

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

687937